OPINION OF THE COURT
Allan Dixon, J.
This matter involves cross petitions for custody filed by the parents of the two infant children who are the subjects *337 of this proceeding. The mother of the children is Anne Wise, the former spouse of the children’s father, David Aldrich. The subjects of this proceeding are Kristin Aldrich, age 10, and Ryan Aldrich, age 8. The parties were divorced by decree of the Supreme Court, County of Rensselaer, dated April 12, 1974, which said decree is strangely silent on the question of custody. During the approximately six years which have elapsed since the divorce, however, the children have resided with their mother in the State of Colorado, except during the agreed upon visitation periods with their father in the State of New York. This was the case, at least, until sometime in June of this year, when the children arrived in this State to visit with their father for one month. At the end of the agreed upon period of visitation, Mr. Aid-rich refused to return the children to their mother. This prompted Mrs. Wise to travel to New York and retain counsel. On August 19, 1980, counsel for Mrs. Wise filed a petition with this court requesting that the children be returned to her and that she be granted legal custody. An order was entered on that date directing that Mr. Aldrich show cause why that relief should not be granted and further directing him to return the children to the physical custody of their mother pending final determination of this matter. A cross petition was filed by Mr. Aldrich requesting that custody of the children be awarded to him. On the initial return date, August 25,1980, the question of the subject matter jurisdiction of the court over this dispute was raised. Counsel for both parties were given until August 27, 1980, to submit memoranda of law outlining their respective positions. Also on that date, the court reiterated its earlier direction that the children be returned to their mother. On August 27, 1980, counsel for Mrs. Wise obtained an order directing Mr. Aldrich to show cause why he should not be held in contempt of court for refusing to return the children to their mother as directed by the court on two occasions. The entire matter including the contempt issue, was adjourned until August 28, 1980, for determination. It is my understanding that visitation by the mother with the children was arranged *338 on August 27, 1980 through the good offices of Thomas A. Mitchell, Law Guardian for the children.
Without addressing the contempt issue at this time, there are actually two major issues pending before the court. Firstly, does this court have subject matter jurisdiction over this dispute, and secondly, if so, should the court exercise that jurisdiction?
As to the first issue, it is clear that in this situation the provisions of the Uniform Child Custody Jurisdiction Act apply, that is, article 5-A of the Domestic Relations Law of the State of New York. The subject matter jurisdiction provisions of that act are contained in section 75-d of the Domestic Relations Law. Even the most cursory view of that section indicates that the courts of this State may exercise jurisdiction in cases which should, realistically, be tried and determined elsewhere. For example, section 75-d (subd 1, par [b]) is subject to an especially broad interpretation. Simply stated, that section permits a New York court to exercise jurisdiction in a custody dispute if it is in the children’s best interests that jurisdiction be assumed because the children and his parents, or the children and at least one contestant have a significant connection with this State, and there is within the jurisdiction of the New York court substantial evidence concerning the children’s present or future care, protection, training and personal relationships. There are really three aspects to that provision, to wit: best interests, significant connection, and substantial evidence within this jurisdiction. Using the facts of the instant case as an example will clearly show how easily this jurisdictional provision may be satisfied. Firstly, “best interests” is such an indefinite standard for judicial action that the assumption of jurisdiction could be justified in virtually any situation. Here, the children are torn between the parents who both love them and want them but who live on opposite ends of this country. Secondly, there is certainly a “significant connection” between the children and one contestant with New York State because the father resides and is domiciled in this State and the children are physically present here. Thirdly, the existence of substantial evidence of the present and future development of the children within New York State is certainly satisfied be *339 cause New York is where the father has resided and quite possibly where the children will ultimately reside in the future. Based on this simple analysis, and the broad, far-reaching wording of section 75-d (subd 1, par [b]) it is my determination that this court has subject matter jurisdiction to decide the instant dispute.
Having determined that this court does have subject matter jurisdiction in this matter, I will now address the issue of whether this court will exercise this jurisdiction under the instant circumstances. Subdivision 1 of section 75-h of the Domestic Relations Law provides that a court which has jurisdiction under that article may decline to exercise that jurisdiction if it finds that it is an inconvenient forum and that a court of another State is a more appropriate forum. Subdivision 3 of section 75-h provides that in making its determination as to whether it is an inconvenient forum, the court shall consider if it is in the interest of the children that another State assume jurisdiction of the dispute. That subdivision lists five considerations which, among others, are to be taken into account in that regard. They are whether:
(a) another State is or recently was the child’s home State;
(b) another State has a closer connection with the children and their family or with the children and one or more of the contestants;
(c) substantial evidence concerning the children’s present or future care, protection, training and personal relationships is more readily available in another State;
(d) the parties have agreed on another forum which is no less appropriate;
(e) the exercise of jurisdiction by a court of this State would contravene any of the purposes of section 75-b of this article.
In the instant case, as to factor (a), it is clear that Colorado is and has been the “home state” of the children. As to factor (b), I find that the State of Colorado has a closer connection with the children and their mother than does the State of New York. After all, the mother and the children had, prior to June of this year, resided together in *340 Colorado. The children attended school there and were due to return to school during this past week. As to factor (c), I find that substantial evidence concerning the children’s present and future care, protection, training and personal relationships is more readily available in Colorado. Clearly, the children have lived there for the past six years and all of their educational, medical and other records are located there, as well as their friends and neighbors. Factor (d) is irrelevant as to this proceeding, but as to factor (e), I find that the exercise of jurisdiction by this court would contravene several of the purposes stated in. subdivision 1 of section 75-d of this article, namely, paragraphs (a), (c), (d) and (e).
Based upon this analysis, I find that this court is an inconvenient forum and that a court of similar jurisdiction in the State of Colorado is a more appropriate forum.
In retrospect, my determination is basically that although this court does have subject matter jurisdiction to hear and determine the instant dispute, I am declining to exercise that jurisdiction. This is not to say, however, I will simply dismiss this proceeding out of hand without regard to the immediate welfare of the children. This court, being vested with jurisdiction to hear and determine this proceeding, and all necessary parties being present and subject to my order, I direct that Mr. Aldrich return the children to the physical custody of their mother forthwith. This is certainly appropriate in view of the manner in which Mr. Aldrich obtained the physical custody of the children, i.e., by refusing to return them after Mrs. Wise, in good faith, allowed them to visit with him in a distant State. This direction has the sole result of restoring the status quo which has existed throughout the past six years.
In order that the dispute be determined on the merits as soon as possible, pursuant to subdivision 5 of section 75-h, I direct that Mrs. Wise commence a custody proceeding pursuant to the Uniform Child Custody Jurisdiction Act in the appropriate court in the State of Colorado within 30 days of her return to that State. I further direct that this proceeding be stayed pending receipt of notification from the Colorado court that such a proceeding has been commenced *341 by Mrs. Wise. Upon the receipt of such notification, this proceeding shall be dismissed. Should Mrs. Wise fail to commence such a proceeding, this court will reconsider its refusal to exercise jurisdiction in this matter.
As to the contempt proceeding concerning Mr. Aldrich’s failure to return the children as previously directed, I will dismiss that proceeding upon the condition that the children be immediately returned to their mother. I am so doing solely because, in my judgment, Mr. Aldrich’s actions are motivated by his love for his children and not out of any disrespect for the court. However, I will not countenance any further disobedience of my direction to return the children and if the children are not returned forthwith, I will entertain Mrs. Wise’s application to hold Mr. Aldrich in contempt and pass judgment accordingly.
In this regard, I further direct that Mr. Aldrich shall not annoy or harass Mrs. Wise nor in any way attempt to interfere with her physical custody and possession of the children, pending further order of the Colorado court or this court.