■ ROBERT SINGER, Respondent, v KAREN SINGER, Appellant.—In

a proceeding for modification of custody of the parties' child, the mother appeals from an order of the Supreme Court, Queens County, dated October 14, 1980, which (1) denied her application to dismiss the proceeding, and (2) ordered that venue be transferred to Kings County. Order reversed, on the law, without costs or disbursements, and motion to dismiss proceeding granted, with leave to either party to move to reinstate this appeal in the event the District Court of the State of Colorado shall refuse to assume jurisdiction. In 1979 the petitioner was granted a divorce from the appellant by the Supreme Court, Kings County. The judgment of divorce incorporated, but did not merge, a separation agreement executed by the parties. The separation agreement provided for joint custody of the child of the marriage, with actual physical custody vested in the appellant, and visitation privileges given to the petitioner during school vacations and certain weekends. The appellant agreed to live within 20 miles of her parents who resided in Denver, Colorado, until June 30, 1980. The appellant thereafter moved to Colorado. In June, 1979 the appellant instituted an action in the District Court in Colorado to modify the judgment. On June 11, 1980 the action was dismissed by the District Court on the ground that it did not have jurisdiction "at this time or at the time of commencement" of the action. During the summer of 1980 the child was with the petitioner. In August, 1980 the petitioner brought this proceeding in the Supreme Court, Queens County, to obtain sole and permanent custody of the child. The grounds of the petition were that the appellant had in the past failed to notify the petitioner of the child's whereabouts, had refused to give the petitioner her current home address, had instructed the child's school not to give him records pertaining to the child, that the child had not been regularly attending school because of the appellant's sojourns, and that the petitioner could not find the appellant during the summer to inform her of the child's need for a tonsilectomy. The appellant moved to dismiss the petition on various grounds, including improper venue, lack of jurisdiction, and inconvenient forum. Special Term denied the motion to dismiss, finding that New York had jurisdiction, and transferred venue to Kings County, the situs of the divorce judgment. From this order the appellant appeals. After the argument of the appeal, we communicated by letter with the Chief Judge of the District Court in Colorado. In our letter we noted that the issues before us were (1) whether the Supreme Court of New York has jurisdiction to entertain this proceeding, and (2) whether the New York forum is the convenient forum to serve the interests of the child, the convenience of witnesses and the ends of justice. Our communication was directed to the Colorado court pursuant to the provisions of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law, §§ 75-d, 75-h), and asked whether the District Court would assume jurisdiction in a change of custody proceeding, if we were to determine that the District Court would be the more appropriate and convenient forum. We were thereafter informed through the Chief Judge of the District Court that if Colorado were the home State of the child, and we should decide that Colorado is the more appropriate forum, Colorado would likely take jurisdiction of the matter. As it appears that under the separation agreement actual physical custody was vested in the appellant, that the question of whether the child's health and schooling needs were properly attended to by the appellant in Colorado is necessarily presented, and that the child's health and school records

are located in Colorado, we think that the Colorado courts are the more appropriate and convenient forum for the determination of custody. Hence, we reverse the order and dismiss the proceeding. In the event that the District Court in Colorado should decline to take jurisdiction of the issue of custody, either party may move this court to reinstate this appeal. Hopkins, J. P., Mangano, Gulotta and O'Connor, JJ., concur.