■ In the Matter of JEAN C., Appellant, v ANDREW B., Respondent. — In a paternity proceeding pursuant to article 5 of the Family Court Act, petitioner appeals from an order of the Family Court, Queens County (Fogarty, J.), dated October 31, 1980, which dismissed the petition. Order reversed, on the law, without costs or disbursements, petition granted and matter remitted to the Family Court, for further proceedings in accordance herewith. Petitioner, as assignee of Jean C., commenced this proceeding to establish that respondent was the father of a child born out of wedlock on January 24, 1970. The Family Court, while determining that Jean's testimony was truthful, nevertheless refused to enter an order of filiation and dismissed the petition "[o]n both the grounds of the best interests of the child and the stronger public policy to free a child from an undesirable parent". We find that the court's stated concerns regarding the possible effect of an entry of an order of filiation did not warrant the dismissal of the petition. The statutory scheme for paternity proceedings, as set forth in article 5 of the Family Court Act, was enacted to provide for the financial welfare of the child, as well as to insure that "paternity should be established with the greatest care" so that the child is not burdened "with one who is not in fact his [or her] natural father" (*Matter of Lock v Fisher,* 104 Misc 2d 656, 660; see *Schaschlo v Taishoff,* 2 NY2d 408; *Matter of Salvatore S. v*

*Anthony S.,* 58 AD2d 867; *Matter of Czajak v Vavonese,* 104 Misc 2d 601). To the extent that paternity has been established by clear and convincing and entirely satisfactory evidence, section 542 of the Family Court Act mandates the entry of an order of filiation. The "best interests of the child" are not jeopardized by the entry of such an order. Following an order of filiation, an order of support, as well as orders of custody and visitation, may or may not be entered, within the discretion of the court (Family Ct Act, §§ 511, 545, 549; cf. *Matter of La Croix v Deyo,* 108 Misc 2d 382). Further, a proceeding pursuant to section 384-b of the Social Services Law, which provides for the termination of parental rights, pursuant to a statutory scheme that takes into consideration the "best interests of the child," is not precluded by an order of filiation. Absent the court's concerns, it would have entered an order of filiation, and since we do not find that the court improperly assessed the witnesses' credibility, which was crucial in this case, in determining, in effect, that respondent was the father of the child, we are remanding the matter to the Family Court for the entry of an order of filiation, and for further proceedings pursuant to part 4 of article 5 of the Family Court Act (cf. *Matter of Smith v Edward F.,* 70 AD2d 660; *Matter of Linda S. v James G.,* 52 AD2d 607). Titone, J. P., Mangano, Weinstein and O'Connor, JJ., concur.