■ In the Matter of MARK V. WILBER, Appellant, v PATRICIA M. BUELOW, Respondent. (And Another Related Proceeding.)—Yesawich, Jr., J. Appeal from an order of the Family Court of Chemung County (Danaher, Jr., J.), entered October 30, 1986, which denied petitioner's application to enforce a foreign divorce decree awarding him custody of the parties' children and, in response to respondent's petition for custody, granted the parties joint custody.

Mark V. Wilber and Patricia M. Buelow, both originally residents of Chemung County, lived together as husband and wife in Texas, a State said to recognize common-law marriages, from March 1981 through September 1984. They have two children, Elijah, born in December 1982, and Joseph, born in January 1985. The couple separated in September 1984 and Buelow, then pregnant with Joseph, returned with Elijah to New York where the children and their mother have since resided. In August 1985, Wilber commenced a divorce proceeding in Texas which Buelow did not contest. The resulting divorce decree awarded custody to Wilber with visitation rights for Buelow. In February 1986, Buelow petitioned Chemung County Family Court for an order granting her custody of the children. Wilber filed a cross petition urging enforcement of the custody provisions of the Texas divorce decree. Family Court found there had been no litigation of the custody issue in the Texas action and therefore no jurisdictional conflict existed between the Texas action and the New York proceedings. It then awarded custody of the children to both parents, with physical custody to Buelow and liberal visitation rights to Wilber based upon the best interests of the children. Wilber appeals, arguing that the Texas decree must be enforced pursuant to Domestic Relations Law § 75-n and, in the alternative, that the interests of the children would be best served by giving custody to him. We affirm.

Domestic Relations Law § 75-n mandates, *inter alia,* recogni-

tion and enforcement of an initial decree of another State which had assumed jurisdiction under statutory provisions substantially in accordance with the Uniform Child Custody Jurisdiction Act (hereinafter UCCJA). While Texas has adopted the UCCJA (Tex Fam Code Annot §§ 11.51-11.75), it is clear from this record that the Texas court did not have jurisdiction, in conformity with the prerequisites of Domestic Relations Law § 75-d (1), to determine custody. Elijah had not resided in Texas for 11 months and Joseph had never resided in Texas when the divorce action was commenced (see, Domestic Relations Law § 75-d [1] [a]), nor were they present in that State (see, Domestic Relations Law § 75-d [1] [c]). The children's distance from Texas both in time and space, and the fact that the mother almost exclusively provided for their care even before the couple broke up, rules out jurisdiction based on substantial evidence concerning present or future care, protection, training and personal relationships (see, Domestic Relations Law § 75-d [1] [b]). Finally, New York unquestionably had jurisdiction to make the custody determination (see, Domestic Relations Law § 75-d [1] [d]). Family Court was therefore justified in assuming initial jurisdiction and deciding the custody of these two children.

In a well-considered decision, Family Court found that the children's best interests would be served by awarding physical custody to Buelow. The record bears out that finding.

Order affirmed, without costs. Mahoney, P. J., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.