■ In the Matter of DENISE L. W. METCALF, Respondent, v WILLIAM R. TURNER, JR., Appellant.—Yesawich, Jr., J. Appeal from an order of the Family Court of Broome County (Ray, J.), entered July 19, 1988, which dismissed respondent's application for modification of a prior visitation award on the grounds of forum non conveniens.

At issue is whether, as Family Court concluded, Massachusetts is the more appropriate forum for this dispute. Respondent is the natural father of the three minor children involved. Although never married to petitioner, the natural mother, the parties cohabited for over seven years, part of that time in New York. In 1986, petitioner took the children, left respondent and went to live with her current husband. In October 1986, Family Court awarded her sole custody of the children and granted respondent limited visitation rights; respondent could apply for more extensive visitation when he furnished the court with proof that he was receiving counseling for alcoholism. In June 1987, in response to respondent's request, the court granted more extensive visitation under Broome County's Social Services Department's supervision. Additionally, Family Court issued a temporary order of protection directed at petitioner's current husband, who several years earlier had been convicted of sexual abuse, not to molest the parties' children.

After roughly one month, Family Court again modified its order, eliminating the supervision requirement and enjoining the parties to contact a dispute mediation service known as ACCORD "relative to [the] visitation problems". Apparently the parties did not succeed at ACCORD for in August 1987,

respondent again requested Family Court to modify visitation. Following a hearing held December 2, 1987, that petition was denied, limited supervised visitation was reinstated and respondent, characterized by the court as an unacknowledged alcoholic, was ordered not to submit any further visitation petitions until he had undergone in-patient treatment for alcoholism. At that hearing, petitioner testified that she resided in the City of Binghamton. Some time thereafter, however, petitioner took the children and moved to Massachusetts, although it is not entirely clear from the record precisely when she did so. Upon discovering this, respondent filed the instant petition on April 9, 1988 requesting that petitioner be ordered to return the children to New York, and for expanded visitation privileges. A hearing on this petition was held May 31, 1988 at which time Family Court, relying on Domestic Relations Law § 75-h, rendered a bench decision dismissing the petition on forum non conveniens grounds.

In determining whether a particular forum is an inconvenient one, a factor given consideration is whether "another state is or recently was the child's home state" (Domestic Relations Law § 75-h [3] [a]). " 'Home state' " is where "the child *at the time of the commencement of the custody proceeding,*[*] has resided with * * * a parent * * * for *at least six consecutive months"* (Domestic Relations Law § 75-c [5] [emphasis supplied]). At the May 31, 1988 hearing, which generated the order under review, Family Court observed that it had been advised that petitioner left New York in February 1988. Inasmuch as the petition giving rise to the hearing was filed just two months after petitioner left this jurisdiction, a finding that Massachusetts was the children's home State was inappropriate *(see, De Passe v De Passe,* 70 AD2d 473, 475).

Nor can we endorse Family Court's finding that Massachusetts is a more appropriate forum, for New York has more substantial evidence concerning the children's present and past care, and personal relationships *(see, People ex rel. Throneberg v Butcher,* 102 AD2d 693, 694-695; *see also,* Domestic Relations Law § 75-h [3] [c]). The parties all resided in New York for a number of years prior to petitioner's move. The children's educational, medical, psychological and other records are located here, as well as their friends and neighbors *(see, Singer v Singer,* 79 AD2d 680, 681-682; *see also, Matter of*

---

* Custody proceedings, by definition, include naked determinations of visitation orders (Domestic Relations Law § 75-c [2], [3]; *see,* Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-c, at 298).

*Wise v Aldrich,* 106 Misc 2d 336, 340). Further, of critical concern is respondent's alleged alcoholism and its effect on visitation. All of the evidence on this issue is in New York. And because of the repeated hearings on visitation matters, Family Court is familiar not only with the children but with the parties themselves. In our view, New York's legal and factual connections with both the children and the parties are such that Family Court should exercise jurisdiction over respondent's request for modification of visitation privileges that was filed April 9, 1988 *(see,* Domestic Relations Law § 75-b [1] [c]; § 75-h [3] [b], [e]).

Although the parties, both of whom are apparently indigent, will necessarily suffer some degree of inconvenience and expense if compelled to defend this proceeding in the other's domicile *(see, Matter of William L. v Michelle P.,* 99 Misc 2d 346, 354), we note that it was petitioner who opted to leave New York. Transferring the visitation battle to Massachusetts would not only effectively reward petitioner and punish respondent, but would contravene one of the stated purposes of the Uniform Child Custody Jurisdiction Act (Domestic Relations Law art 5-A), that of deterring the unilateral removal of children from one jurisdiction to another *(see, People ex rel. Throneberg v Butcher, supra,* at 695-696).

Order reversed, on the law and facts, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this court's decision. Kane, J. P., Casey, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.