In the Matter of JOHN H., Appellant, v SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent.—In a proceeding pursuant to Family Court Act article 5 for an order of filiation and for custody, the petitioner appeals from an order of the Family Court, Suffolk County (Snellenburg, J.), entered October 11, 1988, which, after a hearing, dismissed the petition.

Ordered that the order is reversed, on the law and the facts, without costs or disbursements, the petition is granted to the extent of adjudging the petitioner to be the biological father of the subject child, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.

On or about January 6, 1988, the petitioner commenced the instant proceeding, alleging that he is the biological father of Amanda, a child born out of wedlock on September 1, 1987. The day after the child was born, her mother, who is now deceased, voluntarily relinquished custody to the respondent, the Suffolk County Department of Social Services, and Amanda was immediately placed in foster care. Upon our review of the record, we conclude that the petitioner established by clear and convincing evidence that he is Amanda's biological father *(see, Swann v Schoenfield,* 163 AD2d 850).

At the hearing, the petitioner introduced the results of blood genetic marker tests indicating that there is a 99.84% probability that he is the child's biological father. Although such tests are not conclusive evidence of paternity *(see, Matter of Denise H. v John C.,* 135 AD2d 816), we place great reliance upon such evidence as being highly accurate and probative on the issue of paternity *(see, e.g., Matter of Constance G. v Herbert Lewis L.,* 119 AD2d 209, 212).

This strong scientific evidence was further buttressed by the petitioner's uncontroverted testimony regarding the intimate

sexual relationship he had with the child's mother during the critical time period of conception. Notably, the hearing court did not find the petitioner to be untruthful or find that his testimony was incredible. Under the circumstances, the Family Court's finding that the petitioner failed to meet his burden of proof on the issue of paternity is against the weight of the credible evidence (see, Matter of Nancy M. G. v James M., 148 AD2d 714, 715; Matter of Alicia C. v Evaristo G., 93 AD2d 820, 821).

To the extent that paternity has been established by clear and convincing evidence (see, Matter of Commissioner of Social Servs. v Philip De G., 59 NY2d 137, 141-142), Family Court Act § 542 mandates entry of an order of filiation. However, the best interests of the child are not jeopardized by the entry of an order of filiation, as the Family Court retains jurisdiction to make such further orders, as in its discretion are deemed appropriate, with respect to support, custody and visitation (Family Ct Act §§ 511, 545, 549; see, Matter of Jean C. v Andrew B., 86 AD2d 891, 892).

Custody disputes between a third party and a biological parent involve a two-step analysis. The Suffolk County Department of Social Services must either proceed under Family Court article 10 to obtain a finding of abuse or neglect, or make a threshold showing of "surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (see, Matter of Bennett v Jeffreys, 40 NY2d 543, 544), so as to trigger the need for a "best interests hearing" (see, Matter of Alfredo S. v Nassau County Dept. of Social Servs., 172 AD2d 528) under the principles enunciated in Matter of Bennett v Jeffreys (supra). In assessing whether the respondent has met its burden of demonstrating the existence of extraordinary circumstances, the Family Court should consider the report prepared by the Consultation Services Center which raises serious questions about the petitioner's fitness to be a custodial parent. In addition, the Family Court should consider the length of time Amanda has been in foster care, and the relationship she has developed with her foster parents, in determining whether it is appropriate to reach the question of the child's best interests (see, Matter of Michael B., 171 AD2d 790).

Furthermore, we note that a proceeding pursuant to Social Services Law § 384-b, which provides for the termination of parental rights, pursuant to a statutory scheme that takes into account the best interests of the child, is not precluded by an order of filiation (see, Matter of Jean C. v Andrew B., supra,

at 892). Accordingly, we remit the matter to the Family Court for entry of an order of filiation, and for further proceedings on the issues of support and custody, without prejudice to a further application by the respondent pursuant to Social Services Law § 384-b. Mangano, P. J., Kunzeman, Kooper, Sullivan and Ritter, JJ., concur.