■ Remegia Ertel, Respondent, v Karl M. Ertel, Appellant. [602 NYS2d 260] —Order unanimously affirmed without costs. Memorandum: By oral stipulation incorporated in a divorce decree granted in 1989, plaintiff was to have custody of the two children of the marriage and defendant was to have liberal rights of visitation with the children. In 1990, defendant moved by order to show cause to prevent plaintiff from removing the children to North Carolina with her new husband and for a transfer of custody. Prior to a hearing on the issue of relocation, defendant's attorney sought to withdraw from the case. By order dated August 14, 1990 and entered December 4, 1990, the court granted counsel's request to withdraw, directed defendant to obtain new counsel and to schedule a new hearing date, "canceled" the temporary restraining order, and adjourned the matter pending defendant's application for a new hearing.

In 1991, plaintiff moved to have the court relinquish jurisdiction "over matters concerning modification of custody or visitation". The IAS Court granted that motion and dismissed defendant's motion for a transfer of custody. That determination was not an abuse of discretion.

Pursuant to section 75-d of the Domestic Relations Law, the IAS Court had jurisdiction to decide plaintiff's initial request for a transfer of custody, New York being the home State of

the children at that time *(see,* Domestic Relations Law § 75-d [a] [i]). Section 75-h of the Domestic Relations Law, however, authorizes a court to decline to exercise its jurisdiction "if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum" (Domestic Relations Law § 75-h [1]). In considering whether to exercise jurisdiction, the court may take into account the following factors: whether another State is or recently was the child's home State, whether another State has a closer connection with the child, whether evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another State, and whether the parties have agreed on another forum (Domestic Relations Law § 75-h [3]).

The record establishes that the children were removed from New York in August 1990 with the permission of the court. Defendant did not appeal from that order, nor did he attempt to schedule an immediate hearing as directed by that order *(cf., Matter of Metcalf v Turner,* 154 AD2d 792). Plaintiff's allegation that all records, witnesses and other pertinent information regarding custody are in North Carolina is not disputed. Defendant's remedy is to petition the court in North Carolina to modify the custody determination. In the event that North Carolina declines to exercise jurisdiction, either party may return to the New York courts for relief *(see, Singer v Singer,* 79 AD2d 680). (Appeal from Order of Supreme Court, Erie County, Francis, J.—Relinquish Jurisdiction.) Present—Denman, P. J., Green, Balio, Boomer and Boehm, JJ.