■ JOHN R. HELLINGER, Appellant, v LAURENCE HELLINGER, Respondent. [629 NYS2d 753] —Order, Supreme Court, New York County (Burton Sherman, J.), entered January 13, 1994, which relinquished jurisdiction to Connecticut and stayed the proceeding, unanimously affirmed, without costs.

The parties were divorced in New York in 1985. The divorce decree provided that defendant mother would have sole custody of the parties' only daughter, then three years old. Plaintiff was granted liberal visitation rights, including three of every four weekends, plus some mid-week nights, and major holidays on alternating years. In the summer of 1991, defendant

informed plaintiff that she intended to move to Connecticut, and in August 1991 she and her daughter relocated to Madison, Connecticut. On September 30, 1991, plaintiff moved by order to show cause in New York County to modify the divorce decree to change custody to himself, or, in the alternative, for an order directing his ex-wife to return his daughter to New York. On October 7, 1991, defendant cross-moved for arrears in maintenance and support. Oral argument on the motion was held on October 25, 1991, but the matter remained pending, *sub judice* for almost two years.

On July 30, 1993, plaintiff went to Madison to pick up his daughter for a five-week vacation, but she refused to go with him. On August 2, 1993, defendant made an ex parte motion before a Connecticut Superior Court to suspend plaintiff's visitation with his daughter, prompting the Connecticut court to contact New York to discuss which State would be a more appropriate forum for resolution of custody and visitation issues. Meanwhile, on September 30, 1993, plaintiff brought a second motion, by order to show cause, in New York County to modify the divorce decree, and to grant him custody of his daughter, or alternatively, to order his ex-wife to return to New York with their child. On December 31, 1993, the New York court ceded jurisdiction to Connecticut, on the ground that proceeding in Connecticut would be in the best interests of the child. This decision was not an abuse of discretion.

Pursuant to section 75-d of the Domestic Relations Law, a New York court had jurisdiction to decide plaintiff's initial request for a transfer of custody because New York was the home State of the child in September of 1991, the date plaintiff brought his initial motion (Domestic Relations Law § 75-d [1] [a] [i]). However, section 75-h of the Domestic Relations Law authorizes a court to decline to exercise its jurisdiction upon a finding "that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum" (Domestic Relations Law § 75-h [1]; *see, e.g., Matter of Heitler v Hoosin*, 143 AD2d 1018). In considering whether to exercise jurisdiction, the court may take into account the following factors: whether another State is or recently was the child's home State, whether another State has a closer connection with the child, whether evidence concerning the child's present or future care, protection, training and personal relationships is more readily available in another State, and whether the parties have agreed on another forum (Domestic Relations Law § 75-h [3]).

The record supports the Trial Judge's decision to decline jurisdiction, on the ground that Connecticut is a more appropriate forum (*see, Matter of Heitler v Hoosin, supra*). Substantial evidence concerning the child's present and future well-being is more readily available in that State. At the time the trial court's order was entered, the child had been living in Connecticut for more than two years and had been enrolled in a Connecticut school. Because that State has better access to witnesses regarding the child's health and well-being, and information regarding the child's future care and schooling, the trial court properly relinquished jurisdiction (*see*, Domestic Relations Law § 75-h [3]). Plaintiff's remedy is to seek relief in the Connecticut Superior Court. Concur—Rosenberger, J. P., Rubin, Ross, Nardelli and Williams, JJ.