■ In the Matter of STARLOTTE COATES, Respondent, v MICHAEL LEVY, Appellant. [651 NYS2d 703] —White, J. Appeal from an order of the Family Court of Warren County (Austin, J.), entered August 9, 1995, which dismissed respondent's application, in a proceeding pursuant to Family Court Act article 5, for lack of jurisdiction.

At a time when the parties resided in Warren County, Family Court entered an order of filiation declaring respondent the father of their child. Subsequently, respondent filed a petition seeking visitation. In light of the allegations in the petition that respondent resided in Clinton County and that petitioner and the child had moved to the Village of Hudson Falls, Washington County, and thereafter to Seattle, Washington, Family Court determined that it lacked jurisdiction to entertain the petition and dismissed it Respondent appeals.

We affirm, but on different grounds. Family Court's determination that it lacked jurisdiction is misplaced since, after the entry of the order of filiation, it retained jurisdiction to make such further orders as it deemed appropriate with respect to custody, support and visitation (*see, Matter of John H. v Suffolk County Dept. of Social Servs.*, 174 AD2d 669, 670). Even though Family Court has jurisdiction of this matter, it does not have to exercise it if it finds, *inter alia*, that it is an inconvenient forum and that a court of another State is a more appropriate one (*see,* Domestic Relations Law § 75-h [1]; *see also, Ertel v Ertel*, 197 AD2d 900, 901). Here, New York is clearly an inconvenient forum since the petition establishes that the child no longer has any contact with this State and is apparently now residing in Washington. We have considered respondent's remaining arguments and reject them as lacking merit.

Mercure, J. P., Yesawich Jr., Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.