In the Matter of RICHARD DeGRIZJE, Appellant, v LORETA DELVICCARIO, Respondent. [719 NYS2d 670] —In a visitation proceeding pursuant to Family Court Act article 5-A, the petitioner father appeals from an order of the Family Court, Dutchess County (Amodeo, J.), entered October 9, 1998, which, inter alia, granted the joint motion of the Law Guardian and mother to dismiss his petition on the ground that New York is an inconvenient forum.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court declined to exercise its jurisdiction on the ground that New York is an inconvenient forum. As a result,

the father's petition for visitation with his two infant sons was dismissed.

Domestic Relations Law article 5-A provides that a court must first decide whether it has jurisdiction pursuant to one or more of the jurisdictional predicates set forth in Domestic Relations Law § 75-d, and, second, if so, whether it should exercise that jurisdiction according to one of the subsections (*see, Vanneck v Vanneck,* 49 NY2d 602). Domestic Relations Law § 75-h provides one of the grounds for declining to exercise jurisdiction, namely, inconvenient forum. Domestic Relations Law § 75-h (3) sets forth the following factors that a court may consider: whether another State is or recently was the child's home State; whether another State has a closer connection to the child; whether evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another State; whether the parties have agreed on another forum; and whether the exercise of jurisdiction contravenes the purposes of Domestic Relations Law article 5-A (*see,* Domestic Relations Law § 75-h [3]; *Hellinger v Hellinger,* 217 AD2d 490). Further, before determining to decline jurisdiction, a court may communicate with a court of another State, sharing information pertinent to the proceeding and insuring that the forum will assume jurisdiction (*see,* Domestic Relations Law § 75-h [4]; *Singer v Singer,* 79 AD2d 680).

The Family Court considered the evidence concerning the subject children's closer connections to the State of Arizona (*see, Matter of Heitler v Hoosin,* 143 AD2d 1018). There was no evidence that any of the statutory aims were violated (*see, Matter of Swain v Vogt,* 206 AD2d 703). Moreover, the Family Court communicated with the court in Arizona to insure that the petitioner's rights would be protected (*see, Singer v Singer, supra*).

Jurisdiction is a threshold question which can be raised at "any time before making a decree if [a court] finds that it is an inconvenient forum * * * under the circumstances of the case and that a court of another state is a more appropriate forum" (Domestic Relations Law § 75-h [1]; *Grossman v Meller,* 213 AD2d 221). The Family Court properly made its determination in the best interests of the children. Krausman, J. P., S. Miller, Friedmann and Luciano, JJ., concur.