In the Matter of SHODHAN PERSAUD, Appellant, v SEE-RANIE R. PERSAUD, Respondent. [740 NYS2d 115] —In a child custody proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Family Court, Kings County (Goldstein, R.), dated February 1, 2001, which granted the mother's motion to dismiss the proceeding to enforce an order of the Supreme Court, Kings County, dated May 10, 1996, awarding him custody of the parties' daughter, following a judgment of divorce of the same court, dated April 24, 1996.

Ordered that the order is affirmed, with costs.

The parties were divorced in New York in 1996. At that time, after a hearing, the father was awarded custody of their minor child, Pratima, with visitation to the mother. However, as a result of an abuse petition filed in 1997 on behalf of the father's older child from a previous marriage, in which Pratima was derivatively included, the Family Court awarded physical custody of Pratima to the mother, under the supervision of the Department of Social Services. Shortly thereafter the mother moved with Pratima to Ohio, until January or February 1999, when the mother and Pratima moved to Florida, to be near the mother's relatives. They continue to reside in Florida. The neglect proceeding was dismissed in August 1999.

In May 2000, the father petitioned the New York Family Court to enforce the order awarding custody to him. After consultation with the Florida Court, where the parties had been engaged in litigation, the Family Court granted the mother's motion to dismiss the petition, holding, inter alia, that pursuant to the Parental Kidnaping Prevention Act (hereinafter PKPA) and the New York State Uniform Child Custody Jurisdiction Act (hereinafter UCCJA), codified in article 5-A of the Domestic Relations Law, New York no longer had jurisdiction to decide the issue. We affirm.

The PKPA, which preempts the UCCJA, provides, in relevant part, that jurisdiction of a court of a state which has made a child custody determination continues as long as the court has jurisdiction under its own laws (*see* 28 USC § 1738A [c] [1]; [d]; *Enslein v Enslein,* 112 AD2d 973). Domestic Relations Law article 5-A provides that a court must first decide whether it has jurisdiction pursuant to one or more of the jurisdictional predicates set forth in Domestic Relations Law § 75-d, and, if so, whether it should exercise that jurisdiction according to one of the subsections (*see* Domestic Relations Law §§ 75-d, 75-h;

*Vanneck v Vanneck,* 49 NY2d 602; *Matter of DeGrizje v Delviccario,* 279 AD2d 574).

Contrary to the father's contention, there is no evidence that the mother's move to Florida was made in contravention of, or without the approval of, the Department of Social Services. Furthermore, for at least two years before the father filed his current petition the child had not lived in New York and for at least one year before the father filed the petition the child was living in Florida, where she attended school and had contact with her mother's relatives. Moreover, even accepting as true the father's assertion that he continues to reside in New York, the record does not demonstrate that the child has maintained significant connections with New York, or that there was substantial evidence of her present and future care, protection, training, and personal relationships in New York. Thus, after being assured that Florida would assume jurisdiction (*see* Domestic Relations Law § 75-h [4]; *Matter of DeGrizje v Delviccario, supra* at 574), the Family Court properly concluded that there was no basis for New York's continued exercise of jurisdiction over the custody issue (*see* 28 USC § 1738A [c], [d]; Domestic Relations Law § 75-d [1]).

The father's remaining contentions are without merit. Santucci, J.P., Feuerstein, Goldstein and Schmidt, JJ., concur.