■ In the Matter of BERNADETTE KOCH, Appellant, v AUDREY ANDRES, Respondent, et al., Respondent. [744 NYS2d 208] —In a visitation proceeding pursuant to Family Court Act article 6, the petitioner, Bernadette Koch, appeals, as limited by her brief, from so much of an order of the Family Court, Suffolk County (Snellenburg, J.H.O.), dated April 6, 2001, as, in effect, denied that branch of her motion which was to dismiss the petition of the respondent Audrey Andres (filed under the same Family Court docket number and caption as the original petition) to modify the visitation provisions of a prior order of the same court, dated April 18, 2000, on the ground that New York is an inconvenient forum.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion which was to dismiss the petition of Audrey Andres is granted.

During the course of this proceeding the petitioner, Bernadette Koch, was awarded legal custody of her niece, and the child's mother, the respondent Audrey Andres, was granted some visitation. The mother then brought a petition seeking extended visitation, and Koch moved, inter alia, to dismiss the mother's petition on the ground that New York was an inconvenient forum. She asked the Family Court to decline to exercise further jurisdiction over matters concerning the custody and visitation of the child, and to defer such matters to the courts in the State of New Jersey. She argued that New Jersey was the appropriate forum since the child had resided in New Jersey since March 24, 1998, and had attended school there since that time. Further, she maintained that all of the critical witnesses, e.g., the child's therapist, teachers, school principal, psychologist and guidance counselor reside in New Jersey.

Although the Family Court found that New Jersey was the child's home state, it declined to transfer jurisdiction to New Jersey.

The New York State Family Court is an inconvenient forum to make further custody and visitation determinations in this case, as New Jersey is the child's home state, the record demonstrates that the child has significant connections with New Jersey, and substantial evidence concerning her present and future care is readily available there (*see* Domestic Relations Law former § 75-h [3]; *Matter of DeGrizje v Delviccario,* 279 AD2d 574). Accordingly, it is in the child's best interest for New Jersey to assume jurisdiction in this matter (*see* Domestic Relations Law former §§ 75-d, 75-h; *Matter of DeGrizje v Delviccario, supra*). Feuerstein, J.P., O'Brien, Townes and Cozier, JJ., concur.