Matter of Kraig E.M. v Jeani M.M. (2004 NY Slip Op 50413(U))

[*1]

Matter of Kraig E.M. v Jeani M.M.

2004 NY Slip Op 50413(U)

Decided on May 11, 2004

Family Court, Orange County,

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 11, 2004

Family Court, Orange County,
In the Matter of Kraig E.M., Petitioner,
against
Jeani M.M., Respondent.
Docket No. V-1332-04/04A

Carol S. Klein, J.
FACTS
A Petition sworn to March 22, 2004 was filed by Kraig E. M. seeking an order modifying a prior order of custody and visitation issued under Docket V-2175-98 dated October 26, 1998 by Hon. John K. McGuirk; and a subsequent judgment of divorce dated June 28, 2002. The Court has before it a motion to dismiss this modification of custody petition based upon the grounds that Respondent, Jeani M. M., custodial parent and the child no longer live in New York State and have not for several years.
Mr. M., who asserts that he resides in Port Jervis, New York argues that custody should be modified and awarded to him based upon several allegations of interference with his visitation rights, as well as certain allegations of neglectful acts committed by Ms. M..
In her Motion, Ms. M. sets forth that she and her son Zachary have resided in Pennsylvania since June of 2002. Prior to that time, she asserts that she resided in Montague, New Jersey since May of 1999. The child at issue has attended school since Kindergarten outside of New York State. Movant further alleges in her affidavit that Mr. M. does not truly reside in New York State but provides, for purposes of this proceeding, inter alia, his parent's address in Port Jervis, NY. She asserts that Mr. M. actually resides with his paramour in Matamoras, PA.
Proof of service of the within motion is attached to Respondent's motion. Affidavits of service by mail to Mr. M. at both a Port Jervis, NY address and a Matamora, PA address are contained therein. To date, Mr. M. has not replied or responded to the motion. It has long been held that the failure of one to respond to a fact set forth in a motion is deemed an admission. (Kuehne & Nagel v. Baiden, 36 N.Y. 2d 539 (1975), see also, Firth v. State of New York, 287 A.D. 2d 771 (3d Dep't 2001), aff'd 98 N.Y. 2d 365 ). The natural result of such an omission when a motion is not opposed would be to grant such motion on default.
LAW
In addition to Mr. M.'s default in responding to this Motion, the Court is reviewing the merits of same. This case is governed by N.Y. Dom. Rel. Law §76 et., seq., which sets forth the [*2]rules and procedure in determining a court's jurisdiction to make initial custody determinations as well as to modify prior orders. Based upon the facts as initially set forth in Mr. M.'s petition, this Court would continue to have exclusive continuing jurisdiction over this matter as he continues to reside in New York State. (See, 28 U.S.C.A. §1738A (c)(1)(d), N. Y. Dom. Rel. Law §76). However, in this particular set of facts, it is clear that the custodial parent and the child have resided outside of the State of New York since 1999 or at a minimum since 2002. Accordingly, the Court must inquire as to whether or not a significant connection with this state exists or if this Court would be in inconvenient forum. (See N.Y.Dom. Rel. Law §76-f).
 Ms. M. asserts that the child has never attended New York State schools, as such, all information pertaining to his education would be in Pennsylvania. Moreover since he permanently resides in Pennsylvania, and has for at least 2 years, all other collateral contacts are in that State as well. (See, N.Y. Dom. Rel. Law §76-a)
In determining a significant connection, Courts have consistently looked to the following factors; ie., where the child no longer resides in this State and has not for some time; where child has been enrolled in schools outside the State of New York for more than two years; which state has better access to witnesses regarding the child's health and well being, and information regarding the child's future care, and schooling. (See, Hellinger v. Hellinger, 217 A.D. 2d 490 (1st Dep't 1995), DeGrizje v. Delviccario, 279 A.D. 2d 574 (2d Dep't 2001), Persaud v. Persaud, 293 A.D. 2d 480 (2d Dep't 2002), Ellor v. Ellor, 249 A. D. 2d 705 ( 3d Dep't 1998)).
 In Ellor v. Ellor, the Court determined that even though child continued to visit his mother in New York State for substantial periods of time, most if not all relevant information pertaining to the child was in New Jersey and a proper balance would require that New York appropriately declined jurisdiction. Moreover, where (as in the instant case), the only connection with New York State is the residence of one parent, that has is not enough to retain jurisdiction. (See, ie., Ginn v. Strafaci, 249 A.D. 2d 705 (3d Dep't 1998))
DECISION
Here, Petitioner, Kraig M., has not refuted any of the assertions proffered in Ms. M.'s motion. Accordingly, the Court can deem his silence to be admissions of same. Based upon Ms. M.'s affidavit it appears that the only connection the child might have with this State is the alleged residence of his father. And even that fact is refuted by Ms. M.. Accordingly it would not be an appropriate forum for this Court to entertain Mr. M.'s petition and the Court is declining Jurisdiction. Pennsylvania is a more appropriate forum and Mr. M.'s remedy in this case is to seek relief in the Pennsylvania Court.
NOW, therefore it is hereby
ORDERED, that Respondent's motion to dismiss is granted and it is further
ORDERED, that Mr. M.'s petition under Docket V-1332-04/04A is hereby dismissed.
This constitutes the Decision and Order of this Court
Dated: May 11, 2004E N T E R
Goshen, NY
Hon. Carol S. Klein, JFC
To: Mr. Kraig E. M.
[*3]
30 Railroad Circle
Port Jervis, NY 12771
Randall V. Coffill, Esq.,
Gerstman, Kelson & Coffill
10 St. John Street P.O. Box 1210
Monticello, New York 12701
Decision Date: May 11, 2004