In the Matter of ERIC M. LEVANDE, Respondent, v DEVORAH LEVANDE, Appellant. [803 NYS2d 709]—

In a child custody proceeding pursuant to Family Court Act article 6, the mother appeals from (1) an amended order of the Family Court, Queens County (Clark, J.), dated June 28, 2004, which, after a hearing, inter alia, awarded permanent custody of the parties' child Sarah to the father and awarded supervised visitation to her, (2) an order of the same court (DePhillips, J.), dated August 31, 2004, which directed that monthly visits between the mother and the parties' child Sarah take place in Florida and be supervised in a therapeutic setting, and (3) an order of the same court (DePhillips, J.), dated October 5, 2004, which denied the mother's motion, inter alia, to change the location of the visitation from Florida to New York based on an alleged visitation violation by the father, on the ground of lack of jurisdiction.

Ordered that the amended order dated June 28, 2004, and the orders dated August 31, 2004, and October 5, 2004, are affirmed, without costs or disbursements.

Under the circumstances of this case, the Family Court took all appropriate measures to protect the mother's right to assigned counsel. The mother's decision to proceed pro se was knowing and voluntary and, therefore, she was not denied due process (*see Matter of Moore v McClenos*, 259 AD2d 752, 753 [1999]; *Matter of Mooney v Mooney*, 243 AD2d 840, 841 [1997]).

The Family Court providently exercised its discretion in directing that monthly visits between the mother and the parties' child Sarah take place in Florida and be supervised in a therapeutic setting, in accord with the best interests of the child (*see Matter of Wright v LaRose,* 271 AD2d 615 [2000]).

The Family Court erred, however, with respect to the mother's motion, inter alia, to change the location of the visitation from Florida to New York based on an alleged visitation violation by the father, in determining that Sarah's home state was Florida and declining jurisdiction on that basis. According to Domestic Relations Law § 75-a (7), a child's "home state" is the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. Although the child has lived in Florida since May 2003, New York was nevertheless her home state because the child lived there for at least six consecutive months before the custody proceedings began in April 2001.

Nonetheless, the Family Court could have determined that New York was an inconvenient forum (*see* Domestic Relations Law § 76-f). We so find, based on the record before us, and thus affirm the order dated October 5, 2004.

The mother's remaining contentions are without merit. Florio, J.P., Crane, Mastro and Rivera, JJ., concur.