THE PEOPLE OF THE STATE OF NEW YORK ex rel. GORAV GUPTA, Appellant, v SUNAINA GUPTA, Respondent. [880 NYS2d 532]—

In a habeas corpus proceeding pursuant to Domestic Relations Law § 70, the father appeals from a judgment of the Supreme Court, Nassau County (Marber, J.), dated October 14, 2008, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, without costs or disbursements.

The Supreme Court properly exercised jurisdiction in this matter (*see* Domestic Relations Law §§ 76, 76-g [4]; *Vanneck v Vanneck*, 49 NY2d 602, 609-610 [1980]; *Matter of Persaud v Persaud*, 293 AD2d 480 [2002]).

The father contends that his habeas corpus petition (*see* Domestic Relations Law § 70) should have been granted based on an award of custody he obtained in Sriganganagar, Rajasthan, India. An order of an Indian court in a matter over which that court properly exercised its jurisdiction is entitled to the same recognition as an order from any state of the United States (*see* Domestic Relations Law § 75-d). Here, however, since the Indian court did not have jurisdiction over the matter, the Supreme Court was not required to enforce the resulting order (*see* Domestic Relations Law § 76-e [1]; § 77-b [1]; *Matter of Wilber v Buelow*, 136 AD2d 786 [1988]; *cf. Matter of Calvo v Herring*, 51 AD3d 916 [2008]). The father's petition was therefore properly denied. Skelos, J.P., Santucci, Belen and Chambers, JJ., concur.