■ In the Matter of IBRAHIMA BALDE, Appellant, v MARIAMA BARRY, Respondent. [969 NYS2d 508]—

In a visitation proceeding pursuant to Family Court Act article 6, the father appeals from an order of the Supreme Court, Kings County (IDV Part) (Morgenstern, J.), dated February 16, 2012, which dismissed his petition for visitation with the subject children on the ground of lack of jurisdiction.

Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, the petition is reinstated, and the matter is remitted to the Supreme Court, Kings County (IDV Part), for further proceedings pursuant to Domestic Relations Law § 76-f (3).

The Family Court erred in determining that it lacked jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (*see* Domestic Relations Law art 5-A [hereinafter UCCJEA]) to determine the father's visitation petition. A New York Family Court has jurisdiction to make an initial custody

determination if "(a) this state is the home state of the child on the date of the commencement of the proceeding, or was the home state of the child within six months before the commencement of the proceeding and the child is absent from this state but a parent . . . continues to live in this state" (Domestic Relations Law § 76 [1] [a]). " 'Home state' means the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]).

Here, although the mother and the subject children have been living in Georgia since moving there in February or March 2011, they had resided in New York for at least six consecutive months prior to that move. Thus, the Family Court had jurisdiction over the father's visitation proceeding, commenced on February 17, 2011, because New York was the subject children's "home state" either on the date of commencement of the proceeding or within six months prior thereto (*see* Domestic Relations Law § 75-a [7]; *Matter of Levande v Levande*, 22 AD3d 855, 856 [2005]).

However, "[t]he inquiry is not completed merely by a determination that a jurisdictional predicate exists in the forum State, for then the court must determine whether to exercise its jurisdiction" (*Vanneck v Vanneck*, 49 NY2d 602, 609 [1980]). A court of this state which has jurisdiction under the UCCJEA may decline to exercise it if it finds, upon consideration of certain enumerated factors, that New York is an inconvenient forum and that a court of another state is a more appropriate forum (*see* Domestic Relations Law § 76-f [1]; *Matter of Hassan v Silva*, 100 AD3d 753, 754 [2012]). While the Family Court did not consider the enumerated factors, the record is sufficient to permit this Court to consider and evaluate those factors (*see Matter of Frank MM. v Lorain NN.*, 103 AD3d 951, 953 [2013]; *Matter of Levande v Levande*, 22 AD3d at 856; *Matter of Coates v Levy*, 235 AD2d 592 [1997]).

Based on the record before us, we agree with the attorney for the children that, contrary to the father's contention, New York was an inconvenient forum. The record demonstrates that, since February or March 2011, the children have resided in the relatively distant state of Georgia, where the children have been enrolled in school and have connected with the mother's extended family. Most significantly, the "evidence regarding their care, well-being, and personal relationships is more readily available" in Georgia (*Matter of Hassan v Silva*, 100 AD3d 753, 755 [2012]; *see Matter of Paderno v Shvetsova*, 96 AD3d 762, 763 [2012]; *Matter of Coates v Levy*, 235 AD2d at 592). Under these circumstances, Georgia is the more appropriate and con-

venient forum (*see Matter of Hassan v Silva,* 100 AD3d at 755; *Matter of Paderno v Shvetsova,* 96 AD3d at 763).

Domestic Relations Law § 76-f (3) specifies that "[i]f a court of this state determines that it is an inconvenient forum and that a court of another state is a more appropriate forum, it shall stay the proceedings upon condition that a child custody proceeding be promptly commenced in another designated state." Accordingly, upon reinstating the petition, we remit the matter to the Supreme Court, Kings County (IDV Part), for further proceedings pursuant to Domestic Relations Law § 76-f (3), including the entry of an order staying all proceedings in the above-entitled proceeding on condition that a child custody proceeding be promptly commenced in Georgia. Rivera, J.P., Skelos, Leventhal and Lott, JJ., concur.