Matter of Beyer v Hofmann (2018 NY Slip Op 03259)





Matter of Beyer v Hofmann


2018 NY Slip Op 03259


Decided on May 4, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, CURRAN, AND TROUTMAN, JJ.


442 CAF 16-01851

[*1]IN THE MATTER OF CHRISTOPHER M. BEYER, PETITIONER-APPELLANT,
v
MELINDA G. HOFMANN, RESPONDENT-RESPONDENT. 






DENIS A. KITCHEN, JR., WILLIAMSVILLE, FOR PETITIONER-APPELLANT.
BENGART & DEMARCO, LLP, TONAWANDA (JAMES C. DEMARCO, III, OF COUNSEL), FOR RESPONDENT-RESPONDENT.
JENNIFER PAULINO, BUFFALO, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Erie County (Brenda M. Freedman, J.), entered August 31, 2016 in a proceeding pursuant to Family Court Act article 6. The order dismissed without prejudice the petition seeking custody of petitioner's twin daughters. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the petition is reinstated and the matter is remitted to Family Court, Erie County, for further proceedings.
Memorandum: Petitioner father appeals from an order dismissing without prejudice his petition seeking custody of his twin daughters on the ground that Pennsylvania is the home state of the children and matters concerning custody were pending in Pennsylvania. At the outset, we note that the order did not determine a motion made on notice, and thus it is not appealable as of right (see Sholes v Meagher, 100 NY2d 333, 335 [2003]; Matter of Kelly v Senior, 151 AD3d 1775, 1775 [4th Dept 2017]). Although the father did not request leave to appeal, we nevertheless treat the notice of appeal as an application for leave to appeal, and we grant the application in the interest of justice (see Matter of Walker v Bowman, 70 AD3d 1323, 1323-1324 [4th Dept 2010]; see generally CPLR 5701 [c]).
The subject children were born on June 5, 2015 and lived with both parties in New York until December 29, 2015, when the parties moved with the children to State College, Pennsylvania. In April 2016 the children and respondent mother moved to York, Pennsylvania without the father, and the father thereafter returned to New York. He commenced this proceeding on June 6, 2016, and the mother commenced a custody proceeding in Pennsylvania on August 9, 2016. Under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA), adopted by New York (Domestic Relations Law art 5-A) and Pennsylvania (23 Pa Cons Stat Ann § 5401 et seq.), Family Court had jurisdiction to make an initial custody determination at the time the father commenced the instant proceeding (see Domestic Relations Law §§ 75-a [7]; 76 [1] [a]; Matter of Balde v Barry, 108 AD3d 622, 623 [2d Dept 2013]) and Pennsylvania had such jurisdiction at the time the mother commenced the proceeding in that state (see 23 Pa Cons Stat Ann §§ 5402, 5421 [a] [1]).
We agree with the father that Family Court erred in declining to exercise jurisdiction and dismissing the proceeding without following the procedures required by the UCCJEA (see Matter of Frankel v Frankel, 127 AD3d 1186, 1188 [2d Dept 2015]). The court, after determining that another child custody proceeding had been commenced in Pennsylvania, properly communicated with the Pennsylvania court (see Domestic Relations Law § 76-e [2]). The court erred, however, in failing either to allow the parties to participate in the communication (see § 75-i [2]; Matter of Wnorowska v Wnorowski, 76 AD3d 714, 715 [2d Dept 2010]), or to give the parties "the opportunity to present facts and legal arguments before a [*2]decision on jurisdiction [was] made" (§ 75-i [2]; see Frankel, 127 AD3d at 1188; Matter of Andrews v Catanzano, 44 AD3d 1109, 1110-1111 [3d Dept 2007]). The court also violated the requirements of the UCCJEA when it failed to create a record of its communication with the Pennsylvania court (see § 75-i [4]; Frankel, 127 AD3d at 1188). The summary and explanation of the court's determination following the telephone conference with the Pennsylvania court did not comply with the statutory mandate to make a record of the communication between courts.
We also agree with the father that there are insufficient facts in the record to make a determination, based upon the eight factors set forth in the statute (see Domestic Relations Law § 76-f [2] [a]-[h]), regarding which state is the more convenient forum to resolve the issue of custody. "Because Family Court did not articulate its consideration of each of the factors relevant to the . . . petition . . . and we are unable to glean the necessary information from the record, the court's [implicit] finding that New York was an inconvenient forum to resolve the [custody] petition is not supported by a sound and substantial basis in the record" (Matter of Frank MM. v Lorain NN., 103 AD3d 951, 954 [3d Dept 2013]).
We therefore reverse the order, reinstate the petition and remit the matter to Family Court for further proceedings on the petition. We "note that the events subsequent to the entry of the order we are reversing may be relevant to and can be considered on remittal" (Andrews, 44 AD3d at 1111). In any event, the father should be afforded an opportunity to address those subsequent events as well as the threshold jurisdictional issue (see id.).
We have considered the father's remaining contention concerning the Parental Kidnapping Prevention Act (28 USC § 1738A) and conclude
that it lacks merit.
Entered: May 4, 2018
Mark W. Bennett
Clerk of the Court