In the Matter of VANESSA L. ANDREWS, Appellant, v SEBAS-TIAN J. CATANZANO, Respondent. [844 NYS2d 147]—

Lahtinen, J. Appeal from an order of the Family Court of Broome County (Charnetsky, J.), entered March 30, 2006, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, for custody of the parties' child.

The issue before us is whether Family Court erred in dismissing this child custody petition upon the ground that North Carolina was the appropriate jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA; see Domestic Relations Law art 5-A). Petitioner (hereinafter the mother) gave birth to a daughter while residing in Florida in August 2003, and respondent (hereinafter the father) is allegedly the father of the child. The mother and child moved to New York (Broome County) in February 2004. In early August 2005, the mother took the child for what she understood would be a two-week visit with the father in North Carolina, where he was residing. The mother ostensibly asked the father to keep the child until September 2005 because she was experiencing a housing problem. For reasons that are not clear in this sparse record, the child apparently remained with the father without significant, if any, objection from the mother until December 2005.

In December 2005, the mother filed a petition in Broome County seeking custody of the child alleging, among other things, that the father was refusing to permit the child to return to her and threatening to abscond with the child. Family Court granted the mother temporary custody in a January 2006 order. On February 20, 2006, the father commenced a custody proceeding in North Carolina, where a temporary order granting him custody was entered. Upon learning that two proceedings were pending in separate states, Family Court contacted and spoke on the phone with the North Carolina judge (hereinafter the NC judge) on March 16, 2006. Family Court prepared a "Record

of Communication" in which it related, among other things, that it informed the NC judge of the earlier petition in Broome County (but noted that the mother had not yet been able to effect service on the father), the NC judge told Family Court that the child had resided with his father for six months before the North Carolina proceeding was commenced and was in a preschool program there, and Family Court concluded that "[t]he Judges decide[d] that North Carolina was the proper jurisdiction for the custody under the circumstances." However, no reason was given for this conclusion. Family Court then dismissed the petition and this appeal ensued.

Under the UCCJEA, which North Carolina has also adopted (*see* NC Gen Stat Ann ch 50A), Family Court had jurisdiction to consider the petition when the initial proceeding was commenced by the mother in December 2005 (*see* Domestic Relations Law § 76 [1] [a]; *see also* Domestic Relations Law § 75-a [7]; NC Gen Stat Ann § 50A-201 [a] [1]). Moreover, a proceeding of this nature is commenced upon the *filing* of the first pleading, not the date of service (*see* Domestic Relations Law § 75-a [5]; NC Gen Stat Ann § 50A-102 [5]; *Evans v Evans*, 208 AD2d 223, 227 [1995]), and thus the Family Court proceeding had apparent priority over the subsequent proceeding commenced by the father in February 2006 in North Carolina (*see* NC Gen Stat Ann § 50A-206 [a]; Domestic Relations Law § 76-e [1]). Presumably, the father failed to set forth in his petition the fact that a proceeding was pending in New York[1] and, accordingly, the North Carolina court did not decline jurisdiction (*see* NC Gen Stat Ann § 50A-206 [a]; *see also* Domestic Relations Law § 76-e ██) or stay its proceeding and instigate communication with Family Court (*see* NC Gen Stat Ann § 50A-206 [b]; *see also* Domestic Relations Law § 76-e [2]).

Upon learning that a custody proceeding regarding the child was also pending in another state, Family Court correctly communicated with that court in an effort to determine the appropriate forum (*see* Domestic Relations Law § 75-i [1]; § 76-e ██). When engaging in such a communication, however, the court must either "allow the parties to participate" or, if they do not participate, "they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is

---

1. Such failure could have resulted from the fact that he had not yet been served with the petition. However, the mother asserts that the father had knowledge of the pending petition and was purposefully avoiding service upon him.

made" (Domestic Relations Law § 75-i [2]).[2] Here, Family Court did not afford the parties an opportunity to participate and, in fact, it made a jurisdiction determination adverse to the mother without presenting her any opportunity to offer facts or arguments prior thereto. Under the circumstances of this case, this was reversible error. If permitted to participate, the mother may have been able to address and clarify the host of issues implicated in this case which, on the face of this limited record, indicate that North Carolina should have declined jurisdiction rather than Family Court.[3]

Finally, we note that the events subsequent to the entry of the order we are reversing may be relevant to and can be considered upon remittal. The mother failed to perfect this appeal in a timely fashion and did so only after a deadline was set in a conditional order of dismissal by this Court. In the protracted interim, a hearing on the merits was apparently conducted in North Carolina and the order from that court indicates that the mother appeared and entered into stipulations regarding custody. Such events may now provide support for an alternative ground for dismissal of this petition (see e.g. Domestic Relations Law § 76-f [2] [b], [e], [g], [h]). In any event, the mother should be afforded an opportunity to address these issues as well as the threshold jurisdictional issues.

Crew III, J.P., Peters, Spain and Kane, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision.

**2.** The preferred approach is to provide notice and an opportunity to participate (see generally Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 75-i, 2007 Cum Pocket Part, at 103).

**3.** Indeed, since the only explanation for Family Court determining it did not have jurisdiction is the totally conclusory statement that "[t]he Judges decide[d] that North Carolina was the proper jurisdiction," it is not possible to determine what led to this conclusion and how it might somehow be consistent with the directive of the UCCJEA, which governs both states.