■ In the Matter of SHERYL FRANKEL, Appellant, v JOSEPH FRANKEL, Respondent. [7 NYS3d 531]—

Appeal from an order of the Family Court, Kings County, (Jeanette Ruiz, J.), dated January 10, 2014. The order confirmed the report of a Judicial Hearing Officer (Richard Ross, J.H.O.) dated November 18, 2013, and thereupon, in ef-

fect, dismissed the mother's petition to modify a New Jersey custody and visitation order on the ground that the Family Court lacked subject matter jurisdiction over the matter.

Ordered that the order dated January 10 2014, is reversed, on the law, without costs or disbursements, the mother's petition to modify the New Jersey custody and visitation order is reinstated, and the matter is remitted to the Family Court, Kings County, for further proceedings consistent herewith.

In or about 2001, the mother, who had been living with the father in New Jersey, relocated with the parties' children to Brooklyn. The father remained in New Jersey and continues to reside there. By "Dual Final Judgment of Divorce" dated June 10, 2005, a New Jersey court, inter alia, awarded the parties joint legal custody of the children, awarded the mother primary residential custody, and awarded the father supervised visitation with the children. In an order dated December 9, 2011, the New Jersey court subsequently awarded the father weekend visitation with the children (hereinafter together the custody and visitation order).

On November 14, 2012, the mother commenced this proceeding to modify the custody and visitation order. At the time that this proceeding was commenced in New York, a proceeding to modify the custody and visitation order was pending in New Jersey. After a series of court appearances, and after certain informal communications with the New Jersey court, the Family Court, in effect, dismissed the petition on the ground that it lacked subject matter jurisdiction to modify the custody and visitation order that had been issued by the New Jersey court. We reverse and remit the matter to the Family Court, Kings County, for further proceedings consistent herewith.

A court of this state may not modify a child custody determination made by a court of another state "unless . . . [t]he court of the other state determines it no longer has exclusive, continuing jurisdiction . . . or that a court of this state would be a more convenient forum" (Domestic Relations Law § 76-b [1]; see Stocker v Sheehan, 13 AD3d 1, 6 [2004]). " 'Where a different state possesses exclusive, continuing jurisdiction[,] New York cannot take jurisdiction unless the foreign state declines, even [if] the parties clearly no longer have a significant connection with that state' " (Stocker v Sheehan, 13 AD3d at 6-7, quoting Merril Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 14, Domestic Relations Law § 76-b, 2004 Pocket Part at 115).

Furthermore, "a court of this state may not exercise its jurisdiction . . . if, at the time of the commencement of the proceed-

ing, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this article, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum" (Domestic Relations Law § 76-e [1]). "If the court [of this state] determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [Domestic Relations Law article 5-A], the court of this state shall stay its proceeding and communicate with the court of the other state" (Domestic Relations Law § 76-e [2]; *see* Domestic Relations Law § 75-i [1]). "If the court of the state having jurisdiction substantially in accordance with this article does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding" (Domestic Relations Law § 76-e [2]).

With limited exceptions not applicable here, "a record must be made" of the communication between the two courts and "[t]he parties must be informed promptly of the communication and granted access to the record" (Domestic Relations Law § 75-i [4]). Furthermore, "[i]f the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made" (Domestic Relations Law § 75-i [2]).

Here, the Family Court erred in determining the jurisdictional issue without following the procedure mandated under the Domestic Relations Law. Although the record indicates that the Family Court engaged in certain communication with the New Jersey court, the Family Court nevertheless failed to create a record of that communication or provide the record to the parties (*see* Domestic Relations Law § 75-i [4]; *Matter of Hannah B. [Theresa B.]*, 108 AD3d 528, 531 [2013]; *Matter of Wnorowska v Wnorowski*, 76 AD3d 714, 715 [2010]; *Matter of Andrews v Catanzano*, 44 AD3d 1109, 1111 [2007]). The Family Court also failed to afford the parties an opportunity "to present facts and legal arguments before a decision on jurisdiction is made" (Domestic Relations Law § 75-i [2]; *see Matter of Wnorowska v Wnorowski*, 76 AD3d at 715; *Matter of Andrews v Catanzano*, 44 AD3d at 1111). Under these circumstances, we reverse the order and remit the matter to the Family Court, Kings County, for further proceedings in accordance with Domestic Relations Law §§ 75-i and 76-e (2), and thereafter, for a new determination of whether it may properly exercise subject matter jurisdiction. Skelos, J.P., Austin, Miller and Hinds-Radix, JJ., concur.