*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  December 3, 2015                 519137
_____

In the Matter of JACK L.
    LEWIS JR.,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

MICHELLE M. MARTIN,
                    Respondent.

(And Three Other Related Proceedings.)
_____


Calendar Date:  October 13, 2015

Before:  Lahtinen, J.P., Garry, Egan Jr. and Clark, JJ.

_____


        Joseph Nalli, Fort Plain, for appellant.

        Ramos & Ramos, Buffalo (Joshua I. Ramos of counsel), for
respondent.

        William J. Mycek, Amsterdam, attorney for the child.

_____


Egan Jr., J.

        Appeal from an order of the Family Court of Montgomery
County (Cortese, J.), entered May 22, 2014, which, in four
proceedings pursuant to Family Ct Act article 6, granted
respondent's motion to, among other things, vacate certain prior
orders.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) were married in the Village of Fort
Plain, Montgomery County in June 2007 and are the parents of a
son (born in 2008).  In July 2009, the parties were divorced in

Florida, where they apparently both resided at that time. As part of the divorce action, the parties entered into a marital settlement agreement wherein they agreed that the mother would have sole legal and physical custody of the child with no visitation to the father. This settlement agreement was incorporated into the parties' resulting judgment of divorce, the latter of which indicated that Florida would "reserve[] jurisdiction for all legal and proper purposes."

Around the time of the parties' divorce, the father returned to Fort Plain and, at some point in late 2010, the mother followed suit – ostensibly to deal with an unrelated family matter. In August 2012, at which point the mother and the child were – nearly two years later – still residing in this state, the father filed a petition in Montgomery County Family Court asking for visitation with the child. By order entered March 8, 2013, Family Court granted the father, who had virtually no prior contact with the child, one hour of supervised visitation each month. Within a matter of weeks, the father filed a modification petition seeking to prevent the mother from being present during such visits. The mother, in turn, filed a petition in June 2013 requesting, among other things, permission to relocate with the child to Florida. In response, the father filed an enforcement petition in August 2013, contending that the mother was not making the child available for the court-ordered monthly visitations. At no time during any of these proceedings – either in their appearances before Family Court or in the context of the various petitions filed in these matters – did either party make any mention of the prior award of custody in Florida.[1]

In August 2013, the parties appeared before Family Court, at which time Family Court apparently issued a temporary order granting the mother sole legal and physical custody of the child

---

[1] At the initial appearance in October 2012, the attorney for the child did make a passing reference to the fact that the father may have agreed to no visitation in the context of the parties' Florida divorce action; no further development or discussion of this issue appears in the record.

and permission to relocate to Florida — with the understanding that the mother would return for a hearing on the pending petitions. Thereafter, in December 2013, the parties returned to Family Court and agreed, insofar as is relevant here, that the mother would have sole legal custody of the child and be permitted to relocate with the child to Florida; the parties further agreed that the father would be awarded two weeks of unsupervised visitation with the child each summer. In January 2014, Family Court reduced the parties' agreement to a written order.

Having received the very relief she requested from Family Court, the mother then moved to, among other things, vacate Family Court's January 2014 order (as well as all prior orders issued in these proceedings), contending that Family Court lacked subject matter jurisdiction over the custody and visitation issues. By order entered May 22, 2014, Family Court, among other things, granted the mother's application, finding that Florida had exclusive and continuing jurisdiction over the parties, and vacated all prior orders issued in connection with these proceedings. This appeal by the father ensued.[2]

We reverse. Consistent with the provisions of the Uniform Child Custody Jurisdiction and Enforcement Act (hereinafter UCCJEA), which is codified in Domestic Relations Law article 5-A, "a court of this state may not modify a child custody determination made by a court of another state unless a court of this state has jurisdiction to make an initial custody determination under [Domestic Relations Law § 76 (1) (a) or (b)]" and, insofar as is relevant here, "[a] court of this state . . . determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state"

_____

[2] The father's subsequent application for a stay pending appeal was denied by a Justice of this Court. Additionally, although Family Court's order recites the papers considered prior to ruling upon the mother's motion, the record on appeal does not appear to contain many of the submissions filed in connection therewith, including the materials submitted by the father and the attorney for the child in opposition thereto.

(Domestic Relations Law § 76-b [2]).  As to the first criteria, jurisdiction to render an initial custody determination may be predicated upon, among other things, a finding that "this state is the home state of the child on the date of the commencement of the proceeding" (Domestic Relations Law § 76 [1] [a]).  A child's home state, in turn, is defined as "the state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding" (Domestic Relations Law § 75-a [7]; see Matter of Joy v Kutzuk, 99 AD3d 1049, 1050 [2012], lv denied 20 NY3d 856 [2013]).  A child custody proceeding includes a proceeding in which visitation with the child is at issue (see Domestic Relations Law § 75-a [4]), and the commencement of a proceeding "means the filing of the first pleading in a proceeding" (Domestic Relations Law § 75-a [5]; see Matter of Andrews v Catanzano, 44 AD3d 1109, 1110 [2007]).

At the time that the father filed his first petition in August 2012, the mother — by her own admission — had been residing with the child in this state since late 2010, and she gave no indication — at that time — that her presence in this state was temporary (see Matter of Destiny EE. [Karen FF.], 90 AD3d 1437, 1440-1441 [2011], lv dismissed 19 NY3d 856 [2012]).  As a result, there is no question that New York qualified as the home state of the child and, therefore, the first criteria of Domestic Relations Law § 76-b is satisfied.  To the extent that the mother argues that she is, was and always has been a legal resident of Florida, we need note only that "the determination of a child's home state under the UCCJ[E]A . . . is separate and distinct from the determination of either the parents' or the child's legal residence" (Matter of Consford v Consford, 271 AD2d 106, 111 [2000] [emphasis omitted]).

As to the second criteria — namely, a determination that "the child, the child's parents, and any person acting as a parent do not presently reside in the other state" (Domestic Relations Law § 76-b [2]) — the record reflects, as noted previously, that the mother and the child had been residing in this state since late 2010, as evidenced by the mother's own statements and the multiple occasions upon which she supplied Family Court with her New York address.  Inasmuch as Family Court

had before it ample evidence from which it could reasonably conclude that the parties and the child were not then Florida residents, it is clear that the jurisdictional predicates under Domestic Relations Law § 76-b were satisfied. Accordingly, Family Court erred in concluding that it did not have subject matter jurisdiction over these proceedings.

To the extent that the mother argues that the UCCJEA is — under the facts presented here — preempted by the Parental Kidnapping Prevention Act of 1980 (28 USC § 1738A [hereinafter PKPA]), we disagree. There is no question that where the provisions of the UCCJEA and the PKPA are in conflict, the PKPA preempts the UCCJEA pursuant to the Supremacy Clause of the US Constitution (see Matter of Bowman v Bowman, 82 AD3d 144, 151 [2011]). Here, however, we discern no such conflict. The PKPA provides that once a state court has made a custody or visitation determination consistent with the provisions thereof, that court's jurisdiction continues so long as "such court has jurisdiction under the law of such [s]tate" (28 USC § 1738A [c] [1]) and "such [s]tate remains the residence of the child or of any contestant" (28 USC § 1738A [d]). The PKPA further provides that a state court "may not modify a visitation determination made by a court of another [s]tate unless the court of the other [s]tate no longer has jurisdiction to modify such determination or has declined to exercise jurisdiction" in that regard (28 USC § 1738A [h]). These provisions are not inconsistent with the continuing jurisdiction predicates of the UCCJEA as set forth in Domestic Relations Law § 76-a.[3]

---

[3] Similarly, under Florida law, a court of that state retains exclusive, continuing jurisdiction over a custody determination until "[a] court of [that] state or a court of another state determines that the child, the child's parent, and any person acting as a parent do not presently reside in [that] state" (Fla Stat § 61.515 [1] [b]).

As to the application of the PKPA to this matter, inasmuch as Florida has not declined jurisdiction – indeed, it has evidenced a desire to retain jurisdiction[4] – the question becomes whether Florida lost jurisdiction by virtue of the fact that, for a period of at least two years, neither the mother, the father nor the child resided in that state (see generally Matter of Hahn v Rychling, 258 AD2d 832, 833 [1999], lv dismissed 93 NY2d 954 [1999]). Although the PKPA allows for periods of temporary absence from a state (see 28 USC § 1738A [b] [4]), given the length of time that the mother and the child remained in this state – a period encompassing a substantial portion of the young child's life – we do not view the mother's absence from Florida as temporary. Accordingly, we are satisfied that Florida lost jurisdiction in this matter, thereby permitting Family Court to modify that state's initial determination relative to the issue of visitation.

In light of the foregoing, Family Court erred in concluding that it lacked subject matter jurisdiction to entertain the various petitions filed relative to custody and visitation of the parties' child. Accordingly, we reverse the order granting the mother's motion to, among other things, vacate all prior orders rendered in these proceedings, and we remit these matters to Family Court for further proceedings. Although we are mindful that the mother and the child apparently now reside in Florida, the fact remains that, at all times relevant to the petitions filed in these matters and the mother's underlying motion, Family Court had subject matter jurisdiction over these proceedings and erred in concluding to the contrary.[5]

---

[4] In the context of resolving the mother's underlying motion, Family Court contacted its Florida counterpart and inquired as to whether "Florida wish[ed] to retain jurisdiction" – an inquiry that the Florida court answered in the affirmative.

[5] To the extent that the father and the attorney for the child take issue with Family Court's decision to contact the Florida court in order to inquire as to that court's position relative to jurisdiction (see Domestic Relations Law § 75-i), inasmuch as the papers filed in opposition to the mother's motion

Lahtinen, J.P., Garry and Clark, JJ., concur.


ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Montgomery County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court

---

do not appear in the record before us, it is impossible for us to determine whether, consistent with the provisions of the statute, the parties were promptly informed of Family Court's communication with the Florida court (see Domestic Relations Law § 75-i [4]) and thereafter afforded "the opportunity to present facts and legal arguments before a decision on jurisdiction [was] made" (Domestic Relations Law § 75-i [2]).