OPINION OF THE COURT
Javier E. Vargas, J.
The application by petitioner Sheryl F. (hereinafter mother), for this court to entertain subject matter jurisdiction of her petition to modify a prior custody and visitation order from another state, is granted in accordance with the following decision.
This case has had a long and tortuous history in both New Jersey and New York. As way of background, the mother and respondent Joseph F. (hereinafter father) were married on December 7, 1993, in Brooklyn, New York, but shortly thereafter moved to the suburbs of Lakewood, New Jersey. Allegedly escaping from an environment of domestic violence, in 2001, the mother relocated with the parties’ four children of the marriage from New Jersey to a domestic violence shelter in Brooklyn, leaving the father behind. Apparently because of his practice, father remained in New Jersey and continues to reside there. By “Dual Final Judgment of Divorce” dated June 10, 2005, the Superior Court of New Jersey, Chancery Division, Ocean County (Franklin, J.) dissolved the parties’ marriage and awarded them, inter alia, joint legal custody of the children, with mother having primary residential custody subject to father’s supervised visitation with the children.
For several years between 2002 and 2008, father’s supervised visitation with the children occurred in New York. Eventually, father’s supervised visitation with the children was normalized to the extent that, by order dated December 9, 2011, the New Jersey Superior Court (Franklin, J.) awarded father the right to have weekend visitation with the children. It should be noted that the parties, who are practitioners of the Orthodox Jewish religion, have remained religiously married throughout these proceedings, due to father’s recalcitrant refusal to grant mother a “Get” or Jewish divorce.
By order to show cause dated June 6, 2012, mother commenced a proceeding in the New Jersey court to suspend *541 father’s visitation, alleging his inappropriate touching of the minor. Although father’s visitation was temporarily suspended, the proceeding was dismissed after a hearing of the allegations. Other proceedings ensued. By summons and petition dated November 14, 2012, mother commenced the instant proceeding to register the parties’ New Jersey divorce judgment in Kings County Family Court and to modify the same in order to grant her sole custody of the children. In her petition, mother alleged that New York should exercise “temporary, emergency” jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) because father had a history of “abusive interactions” and “inappropriate sexual behavior with three of the four children,” prompting the involvement of the NYC Administration for Children’s Services (ACS) for a court-ordered investigation. ACS deemed the allegations by mother against father as unfounded.
Almost simultaneously, mother made an application in the New Jersey Superior Court to transfer the proceedings to New York. By order dated May 10, 2013, the Superior Court (Franklin, J.) denied mother’s transfer request to New York, and set a detailed visitation schedule for father. After a series of court appearances and certain informal communications with the New Jersey court, the Kings County Family Court (Ruiz, J.), by decision and order dated January 10, 2014, dismissed the petition on the ground that it lacked subject matter jurisdiction to modify the custody and visitation order that had been issued in New Jersey.
Upon the ensuing appeal, the Appellate Division, Second Department, by decision and order dated April 29, 2015, reversed that order and remitted the matter to this court for additional proceedings and “a new determination of whether it may properly exercise subject matter jurisdiction” (127 AD3d 1186, 1188 [2015]). Immediately upon the assignment of this matter to the undersigned, this court scheduled a court appearance with the parties, their counsel, and the New Jersey Superior Court Judge assigned to the proceedings, the Honorable Lawrence Jones, in accordance with the UCCJEA (see Domestic Relations Law § 76-e [2]).
Pursuant to the UCCJEA—which has been adopted in New York and New Jersey (see NJ Stat Ann § 2A:34-71)—a court of this state may not modify a child custody determination made by a court of another state “unless . . . [t]he court of the other state determines it no longer has exclusive, continuing jurisdic *542 tion ... or that a court of this state would be a more convenient forum” (Domestic Relations Law § 76-b [1]; see Stocker v Sheehan, 13 AD3d 1, 6 [2004]). “ ‘Where a different state possesses exclusive, continuing jurisdiction New York cannot take jurisdiction unless the foreign state declines, even [if] the parties clearly no longer have a significant connection with that state’ ” (Stocker v Sheehan, 13 AD3d at 6-7, quoting Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 14, Domestic Relations Law § 76-b, 2004 Pocket Part at 115).
“If the court [of this state] determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [Domestic Relations Law article 5-A], the court of this state shall stay its proceeding and communicate with the court of the other state” (Domestic Relations Law §§ 76-e [2]; 75-i [1]; see Matter of Woods v Woods, 56 AD3d 789, 791 [2008]).
Importantly, “a record must be made” of the communication between the two courts and “[t]he parties must be informed promptly of the communication and granted access to the record” and an opportunity to participate (Domestic Relations Law § 75-i [4]; see Matter of Wnorowska v Wnorowski, 76 AD3d 714, 715 [2010]; Matter of Andrews v Catanzano, 44 AD3d 1109, 1111 [3d Dept 2007]), or at least “they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made” (Domestic Relations Law § 75-i [2]). “If the court of the state having jurisdiction substantially in accordance with this article does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding” (Domestic Relations Law § 76-e [2]).
Applying these principles to the matter at bar, mother’s application for this court to exercise subject matter jurisdiction over her pending modification petition is granted. Because father continues to reside in New Jersey and that state had issued all custody and visitation orders involving the children’ following the divorce, New Jersey clearly has retained “exclusive, continuing jurisdiction” over all proceedings pertaining to *543 the children.* The undersigned immediately followed the procedures mandated by the UCCJEA, gave the parties an opportunity “to present facts and legal arguments before a decision on jurisdiction is made” (Domestic Relations Law § 75-i [2]), and communicated with the New Jersey Superior Court (Jones, J.) on the record and in the presence of counsel and the parties on March 3, 2016. Both courts afforded the parties and their counsel an additional opportunity to address the courts prior to the New Jersey court’s jurisdictional determination.
Specifically, mother argued that New York is the proper home state because she has been domiciled in New York for several years with the children, where all their friends, possible witnesses and records are located, and that the only remaining minor has lived here for all—but for six months—of his 14-year-old life. In opposition, father countered that mother has inappropriately “made persistent efforts to thwart [father]’s court ordered visitation with the children by unabatedly making successive, ultimately unsuccessful attempts to have the Kings County Family Court intercede,” and should not be rewarded for her contemptuous forum shopping. He also argued that the prior New Jersey judge, Judge Sheldon Franklin, could still be contacted to shed light on the matters despite his retirement from the bench. The Attorney for the Child supported the arguments of mother that New Jersey should decline its continuing jurisdiction.
Upon the conclusion of the arguments and its review of the papers submitted, the New Jersey court agreed with the mother and Attorney for the Child’s arguments on the record of the proceedings. Particularly, citing, inter alia, the mother’s undisputed residency with the children for over 10 years in New York, the retirement of the judge who originally presided over the matters in New Jersey, and “that substantial evidence is no longer available in the state concerning the child’s care, protection, training, and personal relationships,” Judge Jones declined to retain New Jersey’s exclusive, continuing jurisdiction in favor of the New York Family Court (NJ Stat Ann § 2A:34-66; see Domestic Relations Law § 76-a). The judge also stressed in his determination that New York would be a more convenient forum (see Griffith v Tressel, 394 NJ Super 128, 141, 925 A2d 702, 709 [2007]).
*544 Following this consultation of the courts of both states on the record pursuant to the UCCJEA, and the jurisdictional declination by New Jersey, this court wholeheartedly agrees with Judge Jones’ compelling jurisdictional reasoning and hereby assumes its subject matter jurisdiction to entertain the modification petition because the prerequisites for jurisdiction to hear this case in New York could not be clearer. Among other things, not only have the mother and child lived in New York as their “home state” for over a decade and most of father’s visitation has taken place in this state throughout the years, but it is undisputed that the child’s schooling, medical care, religious upbringing and all his friends are located in Brooklyn. As such, New York is the more convenient forum for this proceeding because, should it proceed to trial, all potential witnesses, except for father, including the child’s siblings, maternal and paternal relatives, friends, medical providers, religious figures and Administration for Children’s Services caseworkers, would appear to be local residents or employed in New York (see McNally v McNally, 210 AD2d 940 [4th Dept 1994]).

 Because the parties have been litigating these matrimonial matters for several years, three of the children initially mentioned in the 2012 petition have already attained their adulthood and are no longer subject to this court’s custody and visitation jurisdiction. The petition was dismissed insofar *543 as applicable to them. Only the minor child, N., remains the subject of the instant proceedings.