Matter of Hiles v Hiles (2018 NY Slip Op 07004)





Matter of Hiles v Hiles


2018 NY Slip Op 07004


Decided on October 18, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 18, 2018


[*1]In the Matter of ELIZABETH M. HILES, Appellant,
v
GAREY B. HILES, Respondent.

Calendar Date: September 7, 2018

Before: Garry, P.J., McCarthy, Egan Jr. and Devine, JJ.


Elena Defio Kean, Albany, for appellant.
Tracey A. Brown, Delmar, attorney for the child.



MEMORANDUM AND ORDER
McCarthy, J.
Appeal from an order of the Family Court of Albany County (Rivera, J.), entered December 9, 2016, which dismissed petitioner's application, in a proceeding pursuant to Family Ct Act article 6, to modify a prior order of custody and visitation.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2008). In December 2013, the father commenced a divorce action against the mother in Mississippi, where they and the child then lived. In March 2014, a Mississippi court issued a temporary order awarding joint legal custody to the parties, physical custody to the mother and visitation to the father from Sunday to Tuesday every other week. Shortly after the temporary order was issued, the father moved to Colorado and the mother and child moved to New York. By all accounts, the Mississippi court granted the parties a divorce in May 2016, but certain issues, including custody, were reserved for later resolution.
In August 2016, the mother commenced this modification proceeding in Family Court, seeking sole legal and physical custody of the child. The petition expressly stated that neither parent had resided in Mississippi since 2014. Family Court held a conference with counsel, the parties and the Mississippi judge who presided over their matrimonial action. Following that conference and an off-the-record discussion between the two courts, Family Court sua sponte dismissed the mother's application based on lack of jurisdiction and improper venue, noting that the Mississippi court had retained jurisdiction of the parties' matrimonial action. The mother appeals.
We reverse. The Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]) delineates the circumstances under which a court of this state may exercise jurisdiction over a child custody proceeding. Mississippi has enacted a similar version of this uniform act (see MS Code Ann § 93-27-101 et seq.). On the record before us, it is unclear whether Family Court may exercise jurisdiction in this case. During the conference between the courts and parties, the Mississippi court noted, based on [*2]having re-read the judgment of divorce, that "the parties were legally divorced but the issues of child custody, equitable division of property and all other issues were reserved for a later date[,] which is probably not the best procedural way to handle a divorce. . . . [A]ll those matters are still pending in [the Mississippi] court." Family Court also commented that the first filing in its court occurred "when things were apparently pending in Mississippi." The two courts then agreed to discuss the matter off the record, without the parties or counsel present.
The Mississippi court's statements during the conference confirm that a child custody proceeding was still pending in that state and had been commenced prior to the mother's Family Court proceeding, as those terms are defined by the UCCJEA (see Domestic Relations Law § 75-a [4] [defining child custody proceeding], [5] [defining commencement]). Because the custody portion of the divorce action was still pending in Mississippi when the mother filed her custody modification petition in Family Court, the applicable provision of the UCCJEA is Domestic Relations Law § 76-e, entitled "[s]imultaneous proceedings." Pursuant to that statute, a New York court may not exercise jurisdiction if, at the time the New York proceeding is commenced, a custody proceeding concerning the same child has been commenced in another state having jurisdiction under the UCCJEA, unless a court in the other state terminates or stays that proceeding because a New York court constitutes a more convenient forum under Domestic Relations Law § 76-f (see Domestic Relations Law § 76-e [1]). Procedurally, if a New York court determines that a custody proceeding has been commenced in another court in accordance with the UCCJEA, the New York court must stay its proceeding, communicate with the other court and, if the other court does not determine that New York is the more appropriate forum, dismiss the proceeding (see Domestic Relations Law § 76-e [2]).
Family Court correctly determined that, under these circumstances, it was required to communicate with the Mississippi court (see Domestic Relations Law § 76-e [2]; Matter of Andrews v Catanzano, 44 AD3d 1109, 1110 [2007]). However, a record must be made of such communication on any substantive matters (see Domestic Relations Law § 75-i [4]; Matter of Frankel v Frankel, 127 AD3d 1186, 1188 [2015]). Family Court has discretion in determining whether to allow the parties to participate in the intra-court communication, but is required by statute to grant the parties access to the record of that communication and give them "the opportunity to present facts and legal arguments before a decision on jurisdiction is made" (Domestic Relations Law § 75-i [2]; see Domestic Relations Law § 75-i [4]; Matter of Beyer v Hofmann, 161 AD3d 1536, 1537 [2018]).
Although Family Court stated in its order that the Mississippi court "has retained jurisdiction," that does not sufficiently answer the jurisdictional question under the UCCJEA. The Mississippi court, as the court where the first of two simultaneous child custody proceedings was filed, had to determine whether New York would be a more appropriate or convenient forum (see Domestic Relations Law § 76-e [1], [2]). The parties here were initially allowed to participate in the communication between the courts, but they were excluded from the later discussion and — contrary to statute (see Domestic Relations Law § 75-i [2], [4]) — not given an opportunity for further input before Family Court made its determination regarding jurisdiction (see Matter of Frankel v Frankel, 127 AD3d at 1188; cf. Matter of Andrews v Catanzano, 44 AD3d at 1110-1111). Furthermore, no record was made of the later communication for review by the parties or this Court (see Matter of Beyer v Hofmann, 161 AD3d at 1537). Due to the lack of a record, we cannot ascertain whether the Mississippi court rendered the necessary determination. If that court determined that New York was a more appropriate or convenient forum, Family Court may exercise jurisdiction; if that court did not, Family Court was required to dismiss this proceeding (see Domestic Relations Law § 76-e [1], [2]). Inasmuch as we cannot discern from the record whether Family Court erred in determining that it lacked jurisdiction and, on that basis, dismissing the mother's petition, we reverse and remit for that court to render a determination after creating an appropriate record (see Matter of Frankel v Frankel, 127 AD3d at 1188). Based on our reversal, we will not address the venue issue, though we note that the court did not provide any explanation for its ruling in that regard.
Garry, P.J., Egan Jr. and Devine, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.