Matter of Kawisiiostha N. v Arthur O. (2019 NY Slip Op 02393)





Matter of Kawisiiostha N. v Arthur O.


2019 NY Slip Op 02393


Decided on March 28, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 28, 2019

525629

[*1]KAWISIIOSTHA N., Appellant,
v
ARTHUR O., Respondent.

Calendar Date: February 13, 2019

Before: Garry, P.J., Egan Jr., Lynch, Devine and Rumsey, JJ.


Rural Law Center of New York, Castleton (Kelly L. Egan of counsel), for appellant.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from an order of the Family Court of St. Lawrence County (Morris, J.), entered August 7, 2017, which, in a proceeding pursuant to Family Ct Act article 6, sua sponte dismissed the petition.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of two children (born in 2009 and 2010)[FN1]. The parents and the children, each of whom is a member of a Native American tribe, previously lived in the territory of the Pawnee Nation of Oklahoma. On December 11, 2015, after the mother moved to New York with the children, the father commenced custody proceedings in the District Court for the Pawnee Nation of Oklahoma Civil Division (hereinafter the Tribal Court), and the mother failed to appear. In February 2017, the Tribal Court granted the father full custody of the children. Thereafter, upon the father's petition, Family Court issued a temporary order enforcing the Tribal Court's order to return the children — then located in New York — to the father in the Pawnee Nation.
In July 2017, the mother commenced the instant proceeding in Family Court, seeking sole legal and primary physical custody of the children. Significantly, the mother noted in her petition that she had filed a motion to dismiss in the Tribal Court, asserting that that court lacked subject matter jurisdiction. The motion was pending before the Tribal Court at the time of commencement of this proceeding. Family Court, sua sponte, dismissed the mother's application, on the ground that the Tribal Court had continuing, exclusive jurisdiction pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law § 75-a et seq. [hereinafter UCCJEA]). The mother appeals.[FN2]
The mother contends that Family Court erred in failing to exercise jurisdiction over the matter and in dismissing her petition. The UCCJEA was enacted to "provide an effective mechanism to obtain and enforce orders of custody and visitation across state lines" (Domestic Relations Law § 75 [2]; see generally Matter of Bowman v Bowman, 82 AD3d 144, 150-151 [2011]). In accord with this purpose, the UCCJEA requires that tribal court custody determinations made in "substantial conformity" with its provisions be afforded full faith and credit (Domestic Relations Law § 75-c [3]). Relevant here, "a New York court may not exercise jurisdiction if, at the time the New York proceeding is commenced, a custody proceeding concerning the same child has been commenced in another state having jurisdiction under the UCCJEA, unless a court in the other state terminates . . . that proceeding" (Matter of Hiles v Hiles, 165 AD3d 1394, 1395 [2018]; see Domestic Relations Law § 76-e [1]). Accordingly, Family Court properly declined to exercise jurisdiction in light of the then-pending custody litigation in the Tribal Court regarding the subject children, and the mother's petition was properly dismissed (see Domestic Relations Law §§ 76-a [1]; 76-b [1]; 76-e [1]; Matter of Frankel v Frankel, 127 AD3d 1186, 1187 [2015]; Stocker v Sheehan, 13 AD3d 1, 6-7 [2004]; People ex rel. Stover v Stover, 112 AD2d 519, 521 [1985]; compare Matter of Andrews v Catanzano, 44 AD3d 1109, 1110 [2007]).[FN3]
Egan Jr., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.



Footnotes

Footnote 1: The mother is also the parent of a third child (born in 2000). However, as the father is not related to this child by blood or adoption, Family Court limited its determination to the two oldest children.

Footnote 2: The father did not appear in the Family Court proceeding or submit a brief upon this appeal.

Footnote 3: Although the parties failed to address the subsequent developments in the case upon this appeal, we take judicial notice of the Tribal Court's order entered in November 2017, which resolved any issues of fact. After a hearing at which both parents were present and represented by counsel, the court found that it was uncontroverted that the children had lived with the father in its jurisdiction for at least six months immediately prior to the father's filing of his custody petition in that court. The court further found that the mother took the children to New York in December 2015 without the father's consent, just days prior to the father's filing of his petition. Applying the UCCJEA, the Tribal Court thus continued to exercise jurisdiction over the matter.