Matter of Quevedo v Overholser (2020 NY Slip Op 05760)





Matter of Quevedo v Overholser


2020 NY Slip Op 05760


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JOSEPH J. MALTESE
COLLEEN D. DUFFY, JJ.


2019-10311
 (Docket No. V-17267-19)

[*1]In the Matter of Celina R. Quevedo, appellant,
v
Merry Overholser, respondent.


Sharova Law Firm, Brooklyn, NY (Charles Marino of counsel), for appellant.
Daniel E. Lubetsky, Jamaica, NY, for respondent.
Janis A. Parazzelli, Floral Park, NY, attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Dweynie E. Paul, J.), dated August 28, 2019. The order dismissed, for lack of subject matter jurisdiction, the mother's petition to modify a North Carolina order awarding custody of the subject child to the maternal grandmother.
ORDERED that the order dated August 28, 2019, is affirmed, without costs or disbursements.
The petitioner is the mother of the subject child born in July 2005. The respondent is the maternal grandmother.
In 2006, a Florida court awarded sole legal and physical custody of the child to the grandmother, with the mother's consent. In 2008, the grandmother and the child relocated to North Carolina. Thereafter, the mother sought to modify the Florida custody order in North Carolina so as to award her custody. By order dated May 16, 2016, the North Carolina court denied the mother's custody modification petition and awarded custody of the child to the grandmother. In a subsequent order dated March 28, 2017, custody of the child was awarded to the mother in North Carolina. Thereafter, the child moved with the mother to Virginia.
In a decision and order dated September 18, 2019, the Court of Appeals of North Carolina affirmed the May 16, 2016 order and vacated the March 28, 2017 order (see Quevedo-Woolf v Overholser, 261 NC App 387, 820 SE2d 817). The mother, however, was granted a stay of execution of the order issued by the Court of Appeals of North Carolina and the child remained with her in Virginia, pending the mother's appeal to the Supreme Court of North Carolina. On June 11, 2019, the Supreme Court of North Carolina denied review of the decision and order of the Court of Appeals of North Carolina and dismissed the mother's appeal therefrom (see Quevedo-Woolf v Overholser, 372 NC 359, 828 SE2d 164).
On or about December 21, 2018, the mother and the child moved to New York. On August 21, 2019, the mother commenced this proceeding in the Family Court, Queens County, [*2]seeking to modify the May 16, 2016 North Carolina custody order so as to award her sole legal and physical custody. Following a hearing, the Family Court dismissed the petition for lack of subject jurisdiction. The mother appeals.
A court of this state generally "may not modify a child custody determination made by a court of another state unless . . . 1. The court of the other state determines it no longer has exclusive, continuing jurisdiction under [Domestic Relations Law § 76-a] or that a court of this state would be a more convenient forum under [Domestic Relations Law § 76-f]; or 2. A court of this state or a court of the other state determines that the child, the child's parents, and any person acting as a parent do not presently reside in the other state" (Domestic Relations Law § 76-b).
Furthermore, "a court of this state may not exercise its jurisdiction . . . if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this article, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum" (Domestic Relations Law § 76-e[1]; see Matter of Hollander v Weissberg, 147 AD3d 831, 832). "If the court [of this state] determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [Domestic Relations Law article 5-a], the court of this state shall stay its proceeding and communicate with the court of the other state" (Domestic Relations Law § 76-e[2]; see Domestic Relations Law § 75-i[1]). "If the court of the state having jurisdiction substantially in accordance with this article does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding" (Domestic Relations Law § 76-e[2]).
Communication between courts on schedules, calendars, court records, and similar matters may occur without informing the parties and a record need not be made of that communication (see Domestic Relations Law § 75-i[3]). As to other communications, a record must be made of the communication between the two courts and the parties must be informed promptly of the communication and granted access to the record (see Domestic Relations Law § 75-i[4]). Furthermore, if the parties are not able to participate in that communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made (see Domestic Relations Law § 75-i[2]).
Here, we agree with the Family Court's determination to dismiss the mother's petition to modify the May 16, 2016 North Carolina custody order on the ground that the Family Court lacked subject matter jurisdiction (see Matter of Duran v Mercado, 155 AD3d 725, 726).
Contrary to the mother's contention, the record on appeal does not establish that the Family Court failed to follow the procedure mandated under the Domestic Relations Law (cf. Matter of Frankel v Frankel, 127 AD3d 1186, 1188). The court properly communicated with the North Carolina court (see Domestic Relations Law § 76-e[2]) and determined that a custody petition remained pending before the North Carolina court. Indeed, at the time the Family Court communicated with the North Carolina court, counsel for the parties were before the North Carolina court on a conference involving that case. The Family Court provided the parties with "the opportunity to present facts and legal arguments before a decision on jurisdiction [was] made" (Domestic Relations Law § 75-i[2]; cf. Matter of Beyer v Hofmann, 161 AD3d 1536, 1537; Matter of Frankel v Frankel, 127 AD3d at 1188). Additionally, although the mother never argued before the Family Court that it failed to create and provide her with a record of its communication with the North Carolina court, the communication between the two courts apparently related to matters involving "schedules, calendars, court records, and similar matters," for which a record was not required (Domestic Relations Law § 75-i[3]; cf. Domestic Relations Law § 75-i[4]; Matter of Beyer v Hofmann, 161 AD3d at 1537; Matter of Frankel v Frankel, 127 AD3d at 1188).
The mother's remaining contentions are without merit.
RIVERA, J.P., DILLON, MALTESE and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court