Matter of Vashon H. v Bret I. (2021 NY Slip Op 01103)





Matter of Vashon H. v Bret I.


2021 NY Slip Op 01103


Decided on February 18, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 18, 2021

529885

[*1]In the Matter of Vashon H., Appellant,
v
Bret I., Respondent. (And Two Other Related Proceedings.)

Calendar Date: January 6, 2021

Before: Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Michelle I. Rosien, Philmont, for appellant.
Peter J. Scagnelli, Albany, attorney for the child.



Pritzker, J.
Appeals (1) from an order of the Family Court of Albany County (Meyer, S.M.), entered June 21, 2019, which, in a proceeding pursuant to Family Ct Act article 4, sua sponte dismissed the petition, and (2) from two orders of said court (Cholakis, J.), entered June 25, 2019, which, in two proceedings pursuant to Family Ct Act articles 6 and 8, sua sponte dismissed the petitions.
Petitioner (hereinafter the mother) and respondent (hereinafter the father) are the parents of one child (born in 2017). The mother alleged that she and the child reside in New York and travel to Ohio for various jobs, and the father lives in Ohio. Although the child was conceived in Ohio, he was born in New York. In July 2018, the father filed a custody petition in the Court of Common Pleas, Juvenile Division in Cuyahoga County, Ohio. In a June 2019 order of that court (hereinafter the Ohio order), it was noted that the matter was scheduled for trial in August 2019.
While the Ohio proceeding was pending, the mother commenced the three instant proceedings in Albany County by filing, on February 15, 2019, separate child support and custody petitions and, on February 26, 2019, a family offense petition. In March 2019, the custody and family offense petitions came before Family Court, whereas the child support petition came before a Support Magistrate. Both Family Court and the Support Magistrate expressed concerns as to whether New York had jurisdiction to hear the matters. Family Court ultimately determined that New York did not have jurisdiction and, in two separate orders entered on June 25, 2019, dismissed both the custody and family offense petitions. The Support Magistrate similarly indicated that New York did not have jurisdiction and, by order entered June 21, 2019, dismissed the child support petition. The mother appeals from all three orders.[FN1]
We turn first to Family Court's order dismissing the mother's custody petition. Pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A [hereinafter UCCJEA]), which Ohio has also adopted (see Oh Rev Code Ann 3127), "a New York court may not exercise jurisdiction if, at the time the New York proceeding is commenced, a custody proceeding concerning the same child has been commenced in another state having jurisdiction under the UCCJEA, unless a court in the other state terminates or stays that proceeding because a New York court constitutes a more convenient forum" (Matter of Hiles v Hiles, 165 AD3d 1394, 1395 [2018]; see Domestic Relations Law § 76-e [1]). "If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with this article, the court of this state shall stay its proceeding and communicate with the court of the other state" (Domestic Relations Law § 76-e [2]; see Matter of Andrews v Catanzano, 44 AD3d 1109, 1110 [2007]). Generally, "'a record must be made' of the [*2]communication between the two courts and '[t]he parties must be informed promptly of the communication and granted access to the record'" (Matter of Frankel v Frankel, 127 AD3d 1186, 1188 [2015], quoting Domestic Relations Law § 
75-i [4]). "Family Court has discretion in determining whether to allow the parties to participate in the intra-court communication, but is required by statute to grant the parties access to the record of that communication and give them 'the opportunity to present facts and legal arguments before a decision on jurisdiction is made'" (Matter of Hiles v Hiles, 165 AD3d at 1396, quoting Domestic Relations Law § 75-i [2]).
Here, Family Court failed to satisfy the procedural mechanisms required by the UCCJEA when a custody petition is pending in another state. After becoming aware of the Ohio proceeding, Family Court properly communicated with the Ohio court (see Matter of Hiles v Hiles, 165 AD3d at 1396; Matter of Beyer v Hofmann, 161 AD3d 1536, 1537 [2018]). The extent of these communications is unclear; however, they apparently resulted in the transmittance of the Ohio order to Family Court. Although the contents of the Ohio order strongly implied that the Ohio court intended to retain jurisdiction, as evidenced by its scheduling of the matter for trial, this did not absolve Family Court of its obligation to create a record of its communications and to provide that record to the parties (see Matter of Hiles v Hiles, 165 AD3d at 1396; Matter of Frankel v Frankel, 127 AD3d at 1188). Family Court's brief summary of its determination following the communication, which was not placed on the record in the presence of the parties, does not satisfy this statutory mandate (see Matter of Beyer v Hofmann, 161 AD3d at 1537; Matter of Andrews v Catanzano, 44 AD3d at 1111). Moreover, although it was a permissible exercise of discretion for Family Court not to permit the parties to participate in its communication with the Ohio court (see Matter of Hiles v Hiles, 165 AD3d at 1396; Matter of Andrews v Catanzano, 44 AD3d at 1110-1111), the court was then required to allow the parties an opportunity to present facts and legal arguments before it rendered a decision, which it failed to do (see Matter of Hiles v Hiles, 165 AD3d at 1396; Matter of Beyer v Hoffmann, 161 AD3d at 1537). Thus, "[i]nasmuch as we cannot discern from the record whether Family Court erred in determining that it lacked jurisdiction and, on that basis, dismissing the mother's custody petition, we reverse and remit" for Family Court to render a determination after creating an appropriate record and, if required, affording the parties an opportunity to present facts and legal arguments (Matter of Hiles v Hiles, 165 AD3d at 1396; see Matter of Beyer v Hofmann, 161 AD3d at 1537; Matter of Andrews v Catanzano, 44 AD3d at 1110-1111).
We also reverse Family Court's order dismissing the mother's family offense petition, which alleged that the father had committed several [*3]acts in violation of Family Ct Act § 812, including harassment, sexual abuse, grand larceny and coercion. Although it is unclear the precise basis upon which the court dismissed this petition, it appears to be due to a lack of jurisdiction pursuant to the UCCJEA. However, jurisdiction in the context of a family offense petition is not determined by the UCCJEA, which serves the limited purpose of enforcing orders of custody and visitation across state lines (see Domestic Relations Law § 75 [2]). Rather, Family Court and criminal courts "have concurrent jurisdiction over any proceeding concerning acts which would constitute" those delineated as both crimes and family offenses (Family Ct Act § 812 [1]). Additionally, although the majority of the acts alleged in the family offense petition occurred in Ohio, Family Court's jurisdiction is not subject to the same geographic limitations as placed on that of the criminal courts, as nothing "requires the predicate acts of a family offense to have occurred in a particular county, state, or country in order for the Family Court to possess subject matter jurisdiction" (Matter of Richardson v Richardson, 80 AD3d 32, 42 [2010]; see Matter of Samah DD. v Mohammed EE., 185 AD3d 1241, 1243 [2020]). Thus, Family Court's jurisdiction extended to cover the subject matter of the family offense petition, regardless of the fact that the vast majority of the alleged acts were committed in Ohio (see Matter of Samah DD. v Mohammed EE., 185 AD3d at 1243; Matter of Richardson v Richardson, 80 AD3d at 42). Family Court should have entertained the family offense petition and, accordingly, we reverse and remit the matter for said proceedings.
Finally, the mother's appeal from the order dismissing her child support petition must be dismissed, as she did not file objections to the Support Magistrate's order. "No appeal lies from an order of a Support Magistrate where the complaining party failed to file timely objections thereto" (Moore v Moore, 141 AD3d 756, 756 [2016] [citations omitted]; see Family Ct Act § 439 [e]).
Egan Jr., J.P., Aarons, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the appeal from the order entered June 21, 2019 is dismissed, without costs.
ORDERED that the orders entered June 25, 2019 are reversed, on the law, without costs, and matters remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The mother's pro se notice of appeal does not expressly reference any order that is being appealed; rather, the notice of appeal states that it is "an appeal on all matters involving [the subject child]." Nevertheless, counsel's CPLR 5531 statement clarifies that the mother is appealing all three orders and we treat the notice of appeal as challenging those orders (see CPLR 5520 [c]).