Matter of Touchet v Horstman (2022 NY Slip Op 04633)

Matter of Touchet v Horstman

2022 NY Slip Op 04633

Decided on July 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2021-05281
 (Docket Nos. V-3468-21/21A/21B)

[*1]In the Matter of Stephanie Dawn Touchet, appellant, 
v
David Horstman, respondent.

Darla A. Filiberto, Islandia, NY, for appellant.
David Anthony Horstman, named herein as David Horstman, Modesto, California, respondent pro se.

DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Suffolk County (Andrea Harum Schiavoni, J.), dated June 21, 2021. The order dismissed, for lack of subject matter jurisdiction, the mother's petition, inter alia, to enforce a custody order issued in the State of California and her petition, among other things, to modify that custody order so as to provide that the father's parental access with the parties' child shall take place in New York.
ORDERED that the order is reversed, on the law, without costs or disbursements, the mother's petitions are reinstated, and the matter is remitted to the Family Court, Suffolk County, for further proceedings consistent herewith.
In an order dated November 13, 2013, a California court made an initial custody determination as to the parties' child, who was born in 2007 (hereinafter the November 2013 custody order). The order awarded the parties joint legal custody of the child and awarded the mother sole physical custody, with parental access to the father. It also granted the mother permission to relocate with the child to New York. In 2021, after the mother relocated with the child to New York, and while the father was residing in California, the father petitioned the California court to modify the November 2013 custody order. The mother then filed a petition in the Family Court, Suffolk County, seeking, inter alia, to enforce the November 2013 custody order, and subsequently filed a petition in that court, among other things, to modify the November 2013 custody order so as to provide that the father was to have parental access with the child in New York. In an order dated April 7, 2021, the California court awarded the father temporary physical custody of the child. In an order dated June 21, 2021, the Family Court, after communicating with the California court, dismissed the mother's petitions based on lack of subject matter jurisdiction. The mother appeals from the order dated June 21, 2021.
Under the Uniform Child Custody Jurisdiction and Enforcement Act (see Domestic Relations Law art 5-A), which California also has adopted (see Cal Fam Code § 3400 et seq.), a New York court "may not exercise its jurisdiction" in a child custody proceeding "if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with [Domestic [*2]Relations Law article 5-A], unless the proceeding has been terminated or is stayed by the court of the other state because a court of this state is a more convenient forum" (Domestic Relations Law § 76-e[1]; see Matter of Vashon H. v Bret I., 191 AD3d 1120, 1121; Matter of Frankel v Frankel, 127 AD3d 1186, 1187-1188). "If the court determines that a child custody proceeding has been commenced in a court in another state having jurisdiction substantially in accordance with [Domestic Relations Law article 5-A], the court of this state shall stay its proceeding and communicate with the court of the other state" (Domestic Relations Law § 76-e[2]; see id. § 77-f; Matter of Quevedo v Overholser, 187 AD3d 923, 924-925; Matter of Frankel v Frankel, 127 AD3d at 1188). "If the court of the state having jurisdiction substantially in accordance with [Domestic Relations Law article 5-A] does not determine that the court of this state is a more appropriate forum, the court of this state shall dismiss the proceeding" (Domestic Relations Law § 76-e[2]; see Matter of Quevedo v Overholser, 187 AD3d at 925; Matter of Frankel v Frankel, 127 AD3d at 1188).
When a court, acting pursuant to these provisions, communicates with a court of another state on substantive matters, it must make a record of the communication, promptly inform the parties of the communication, and grant the parties access to the record (see Domestic Relations Law § 75-i[4]; Matter of Quevedo v Overholser, 187 AD3d at 925; Matter of Frankel v Frankel, 127 AD3d at 1188). The court may, in its discretion, allow the parties to participate in the communication, but "[i]f the parties are not able to participate in the communication, they must be given the opportunity to present facts and legal arguments before a decision on jurisdiction is made" (Domestic Relations Law § 75-i[2]; see Matter of Vashon H. v Bret I., 191 AD3d at 1121; Matter of Quevedo v Overholser, 187 AD3d at 925; Matter of Frankel v Frankel, 127 AD3d at 1188).
Here, the Family Court correctly determined that, in light of the pending proceedings in California, it was required to communicate with the California court (see Domestic Relations Law §§ 76-e, 77-f). Contrary to the mother's contention, the Family Court properly informed the parties of the communication and made a sufficient record of it (see Matter of Montanez v Tompkinson, 167 AD3d 616). However, after providing that information to the parties, who had not participated in the communication, the court immediately announced its decision on the issue of jurisdiction, without affording the parties an opportunity to present facts and legal arguments. This did not comport with the requirements of Domestic Relations Law § 75-i(2), and, under the circumstances of this case, requires reversal (see Matter of Vashon H. v Bret I., 191 AD3d at 1122; Matter of Hiles v Hiles, 165 AD3d 1394, 1396; Matter of Beyer v Hofmann, 161 AD3d 1536, 1537; Matter of Frankel v Frankel, 127 AD3d at 1188; Matter of Andrews v Catanzano, 44 AD3d 1109, 1110-1111).
The mother's remaining contention is without merit.
Accordingly, we reverse the order appealed from, reinstate the mother's petitions, and remit the matter to the Family Court, Suffolk County, for further proceedings on the mother's petitions and a new determination as to whether the court may properly exercise subject matter jurisdiction.
DUFFY, J.P., BRATHWAITE NELSON, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court