Matter of Shelby C.V. v Joshua W.K (2026 NY Slip Op 01002)

Matter of Shelby C.V. v Joshua W.K

2026 NY Slip Op 01002

Decided on February 19, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 19, 2026

Before: Manzanet-Daniels, J.P., Scarpulla, Friedman, Chan, Hagler, JJ. 

V-8867/24 Case No. 2024-07845|Docket No. V-8867/24 |Appeal No. 5884|Case No. 2024-07845|

[*1]In the Matter of Shelby C.V., Petitioner-Appellant,
vJoshua W.K, Respondent-Respondent.

Geoffrey P. Berman, Larchmont, for appellant.
Joshua W. Kleinberg, respondent pro se.

Order, Family Court, New York County (Jacob K. Maeroff, Ref.), entered on or about December 4, 2024, which, to the extent appealed from as limited by the briefs, dismissed with prejudice the mother's petition for custody on the ground that New York lacked jurisdiction, unanimously reversed, on the law, without costs, the motion to dismiss denied, and the matter remanded for further proceedings.
Family Court failed to satisfy the procedural mechanism required by the Uniform Child Custody Jurisdiction and Enforcement Act (Domestic Relations Law, art 5-A) when a custody-related proceeding is pending in another state. Specifically, after the court became aware of the Ohio proceeding, the record does not reflect that the court attempted to communicate with the Ohio court, which is a reversable error (see Domestic Relations Law §§ 76-c[4]; 76-e[1]; 75-i; Vanneck v Vanneck, 49 NY2d 602, 610-611 [1980]; see also Matter of Vashon H. v Bret I., 191 AD3d 1120 [3d Dept 2021]).
The father's assertion that the communication might have taken place, even if the court did not mention it on the record, is unavailing because the court must make a record of the communication between the courts and inform the parties, none of which transpired in this case (see Domestic Relations Law § 75-i[4]). Moreover, there is no statutory or case law authority to substantiate the father's argument that the court's failure to communicate with the Ohio court and put the proceedings on the record is a harmless error.
Moreover, Family Court failed to comply with the statutory requirement to consider, under the circumstances presented and in light of the serious allegations of domestic violence in the mother's petition, whether it was necessary to exercise temporary emergency jurisdiction to protect the mother and the child (see Domestic Relations Law § 76-c[1]; Matter of Alger v Jacobs, 169 AD3d 1415, 1416-1417 [4th Dept 2019]; Matter of Santiago v Riley, 79 AD3d 1045, 1046 [2d Dept 2010]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 19, 2026